E-FILED
Tuesday, 16 February, 2016  09:49:25 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| SAJIDA AHAD, MD, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v.  ) ) | Cause No. 15-cv-03308 |
| SOUTHERN ILLINOIS SCHOOL OF MEDICINE, SOUTHERN ILLINOIS UNIVERSITY, BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, SIU HEALTHCARE, INC., and SIU PHYSICIANS & SURGEONS, INC. ) ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
PARAGRAPHS 61 - 64 OF COMPLAINT**

NOW COME Defendants, by their attorneys, HeplerBroom, LLC, and for their Memorandum of Law in Support of Motion to Strike Paragraphs 61-64 of Complaint, state as follows:

**INTRODUCTION**

Plaintiff Sajida Ahad, M.D., has filed a four count Complaint (Doc. #1) against her former employers, The Board of Trustees of Southern Illinois University and SIU Physicians & Surgeons, Inc. alleging that she received unequal pay for equal work in violation of the Federal and Illinois Equal Pay Acts, Title VII of the Civil Rights Act of 1964, and the Illinois Civil Rights Act. With the exception of Paragraphs 61- 64, the allegations in Plaintiff's Complaint relate to her claim that she and other female faculty members were discriminated against on the basis of their gender due to unequal salaries. However, the text of Paragraphs 61-63 should be stricken because include allegations of discrimination that were not timely filed with the Equal Opportunity Employment Commission ("EEOC"), and are therefore immaterial to Plaintiff's unequal pay claims. Paragraph 64

1

is also unrelated to her claim of unequal pay and should be stricken because its allegations do not bear any relation to Plaintiff's salary claims. The relevant paragraphs read as follows:

> 61. In June 2011, Plaintiff took an eight-week pregnancy and maternity leave from her work with Defendants. Defendants did not provide Dr. Ahad with short-term disability benefits for her leave. While Defendants initially paid benefits, they charged back the amounts from Dr. Ahad's later earnings, thus resulting in no net receipt of benefits. Defendants had conditioned their approval of the leave on Dr. Ahad acknowledging they would not pay her benefits. Defendants did not similarly deprive male physicians of short-term disability benefits, or make them pay back benefits, with regard to their health-related leaves from work.
>
> 62. In a performance evaluation, Defendants indicated Plaintiff's pregnancy was a reason for low clinical productivity. Defendants' managing administrators repeatedly told Plaintiff, for years after her return from leave, that the bariatric program was not a success and claimed that this purported lack of success was due to her leave.
>
> 63. Defendants treated Dr. Ahad adversely because she had taken two months of pregnancy leave, including, but not limited to, creating a hostile work environment because she had taken this pregnancy leave, negatively referencing the leave for about two years thereafter, and blaming problems with the bariatric program on the fact that Dr. Ahad had taken the leave. Dr. Ahad complained to Defendants' Human Resources (HR) personnel about adverse conduct related to her pregnancy leave and was told the conduct occurred because HR had not conducted necessary training with the various chairs of the division as to what they should say and do with regard to pregnant employees.
>
> 64. Dr. Ahad was not the only woman who experienced or complained of the discriminatory atmosphere for women that Defendants created. Two female former residents, Jyoti Assudani, MD and Fereshteh Hajsadeghi, MD have alleged discriminatory practices by SIU School of Medicine in complaints they provided to the Chicago-based Accreditation Council for Graduate Medical Education. According to their lawyer, the residency program "has created an atmosphere of terror that discriminates against residents on the basis of nationality, ethnicity, visa requirements and gender in decisions related to remediation, extension of training, verification of credentials, work schedules and contract renewals[.]" (www.sjr.com/article/20140603/News/140609776).

These paragraphs should be stricken from the Complaint pursuant to Rule 12(f) because their allegations are immaterial and because their inclusion will only delay the proceedings.

2

**LEGAL STANDARD**

Rule 12(f) authorizes a District Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike portions of a pleading if "it is clear that the material can have no possible bearing on the subject matter of the litigation" and the moving party will be prejudiced by its inclusion. *Frydman v. Portfolio Recovery Associates, LLC,* 2011 WL 2560221, *8 (N.D. Ill. 2011). Prejudice results where the allegation at issue will confuse the issues or is so lengthy and complex that it place an undue burden on the responding party. *Hoffman-Dombrowski v. Arlington Intern. Racecourse, Inc.,* 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998). It is also appropriate to strike immaterial allegations if doing so will "remove unnecessary clutter from the case" and expedite the litigation. *Community Banc Mortgage Corp. v. North Salem State Bank,* 2015 WL 4498779, at 2 (C.D. Ill. 2015), *citing Heller Financial, Inc. v. Midwhey Power Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Under this framework, paragraphs 61-64 should be stricken because they are immaterial and unnecessary clutter under Rule 12(f).

**ARGUMENT**

**A.  Paragraphs 61-63 Should be Stricken Because They are Time Barred and Do Not, As a Matter of Law, Support Plaintiff's Claims of Discrimination.**

Plaintiff has alleged that she was paid less than her male co-workers for performing substantively equal work by her former employers in violation of the Federal and Illinois Equal Pay Acts, Title VII of the Civil Rights Act of 1964, and the Illinois Civil Rights Act. In paragraphs 61-63 of the Complaint, Plaintiff alleges that she took an eight-week pregnancy and maternity leave and that she was denied short-term disability benefits, unlike male physicians who took health-related leaves from work (¶ 61). She further alleges that Defendants' managing administrators repeatedly told Plaintiff that her program was not a success because of her pregnancy leave, and that she was

3

adversely affected for taking two months of pregnancy leave because doing so created a hostile work environment, led to negative references about her leave for two years thereafter, and was, according to Defendants, the reason for problems with the bariatric program. (¶¶ 62-63). To the extent Plaintiff is alleging discrimination based on her taking pregnancy leave, her claim is time-barred because charges related to these alleged discrete discriminatory acts were not filed with the Equal Employment Opportunity Commission ("EEOC") within the 300-day time period required by law.

Discrimination in employment on the basis of pregnancy is prohibited by Title VII, which requires that claims of discrimination must be filed with the EEOC within 300 days "after the alleged unlawful employment practices occurred." 42 U.S.C. § 2000e-5(e)(1). "For purposes of this statute of limitations, discrete discriminatory employment actions such as termination, failure to promote, denial of a transfer, or refusal to hire are deemed to have been taken on the date they occurred, even if they form part of an ongoing practice or are connected with other acts." *Beamon v. Marshall & Isley Trust Co.,* 411 F.3d 854, 860 (7th Cir. 2005), citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109-11 (2002). Each discrete discriminatory act "starts a new clock" for filing charges regarding that particular act, and charges not filed within 300 days of the particular act are not actionable. *Id.*

By her own allegations, Plaintiff's claims of adverse treatment allegedly caused by her pregnancy leave are untimely. In Paragraph 9 of her Complaint, Plaintiff alleges that she "filed a timely EEOC charge dated July 28, 2014, inclusive of Title VII discrimination claims alleged in this complaint." Plaintiff later alleges in Paragraph 61 that she took an eight-week pregnancy and maternity leave in June 2011, which means that she returned to work in August or September of 2011. Thus, the alleged "discrete discriminatory employment actions" of denied short-term disability benefits and a negative performance evaluation alleged in Paragraphs 61 and 62, must have been the

subject of an EEOC charge within 300 days of that time frame, which ended well before her EEOC charge of July 28, 2014.  Plaintiff's failure to timely file her pregnancy-related discrimination claims renders these claims unactionable, which, in turn, makes them immaterial to her remaining claim. *Tragas v. City of Chicago,* 1998 WL 749438, *2-3 (N.D. Ill. 1998) (Court granted motion to strike allegations concerning alleged acts of discrimination that occurred outside of the 300-day window created by the plaintiff's EEOC charge of discrimination).  *See also Golden v. Village of Glenwood,* 2015 WL 1058227, *3  (N.D. Ill. 2015) (where certain paragraphs of a complaint relate only to the portion of a claim that was dismissed as time-barred, those paragraphs may be stricken as immaterial pursuant to Rule 12(f)).

The alleged denial of short-term disability leave benefits was a discrete event known to Plaintiff at the time it occurred.  Plaintiff has not alleged any facts in her Complaint that link this discrete alleged act to the issue of unequal pay, other than to allege that both acts are the result of illegal discrimination.  As noted above, such discrete acts of illegal discrimination each have their own "clock," and time has run out for Plaintiff to pursue her claim related to her pregnancy leave in June of 2011.  The same is true for her allegation that others made negative references about her pregnancy leave.  According to her own allegations in paragraph 63, these comments about her pregnancy leave were made "for about two years thereafter," which puts the end point for these comments sometime during June 2013, which well over 300 days before she filed her EEOC charge on July 28, 2014.

The allegations in Paragraph 63 of Plaintiff's Complaint must also be stricken because they are immaterial to Plaintiff's claims regarding discriminatory treatment.  Plaintiff's complaints about negative references to her taking pregnancy and maternity leave and blaming her leave for problems with the bariatric program do not rise to the level of being an "adverse employment action" under

Title VII. Mere unhappiness and inconvenience do not amount to actionable discrimination under Title VII. *Haywood v. Lucent Technologies, Inc.,* 323 F.3d 524, 532 (2003). "At a minimum, the employee must be able to show a quantitative or qualitative change in the terms or conditions of employment." *Id.* It is well established that negative performance evaluations alone do not constitute an adverse employment action. *Hilt – Dyson,* 282 F.3d 456, 466 (7th Cir. 2002); *Grube v. Lau Indus.,* 257 F.3d 723, 729 (7th Cir. 2001); *Sweeney v. West,* 149 F.3d 550, 556 (7th Cir. 1998). Plaintiff's pregnancy-related allegations do not show a quantitative or qualitative change in the terms or conditions of Plaintiff's employment, and do not, therefore, amount to actionable adverse employment actions. For these reasons, Plaintiff's untimely and legally inadequate claims of discrimination contained in paragraphs 61-63 should be stricken from her Complaint pursuant to Rule 12(f).

### B. Paragraph 64 Should be Stricken Because it Has No Possible Bearing on Plaintiff's Claims of Unequal Pay.

Similar to paragraphs 61-63, Plaintiff's inclusion of paragraph 64 attempts to expand the actual issues presented by trying to show a broad pattern of discrimination against women, as demonstrated by the first sentence of the paragraph: "Dr. Ahad was not the only woman who experienced or complained of the discriminatory atmosphere for women that Defendants created." The complaints made by residents in the pediatrics program, who are not employed by Defendants, against their attending physicians can have no possible bearing on Dr. Ahad's claim of unequal pay for faculty members employed by Defendants. Striking paragraph 64 from Plaintiff's Complaint will remove unnecessary clutter from the case and prevent Defendants from having to defend themselves against immaterial claims.

Plaintiff's inclusion of paragraph 64 attempts to impermissibly broaden the scope of her discrimination claims. The plaintiff in *Douglas v. Lofton,* 2013 WL 2156053 (N.D. Ill. 2013)

similarly attempted to include a variety of unrelated allegations of discrimination in a complaint against her employer for FMLA retaliation, assault, and unequal treatment in violation of the Fourteenth Amendment. The District Court granted the defendants' motion to strike pursuant to Rule 12(f) and struck 51 paragraphs[1] in the complaint because they were not relevant or material to the claims of discrimination. *Id.* at *11-12. The Court held that that plaintiff failed to provide "any factual allegations" about whether the other alleged victims of discrimination referenced in these paragraphs were "similarly situated" to the plaintiff, whether they took FMLA leave as the plaintiff did, or whether they suffered the same injuries as plaintiff did at the hands of her employer. *Id.* The Court also faulted Plaintiff for including allegations and exhibits that "pertain to actions taken against other [employees] that are wholly unrelated to the allegations [the plaintiff] makes, other than that they all include alleged discrimination – though of very different kinds" - by one of the defendants. *Id.* The plaintiff argued that these unrelated allegations are relevant because they showed similar abuse from the defendants, but the paragraphs were stricken because they failed to demonstrate how these unrelated employees were similarly situated or protected, and failed to "allege that Defendants discriminated against these [employees] in a manner similar to [the plaintiff's] allegations of discrimination – discipline, suspension, defamation, harassment, or assault." *Id.*

Applying this logic to Paragraph 64 of Plaintiff's Complaint highlights the similar failings in each pleading. Like the plaintiff in *Douglas*, Dr. Ahad's allegations do not offer any facts that link the actions allegedly taken by attending physicians with respect to the residents they supervise, to the alleged salary decisions made by administrators for faculty members at the medical school. Plaintiff

---

[1] In the introduction and analysis of the allegations at issue, the District Court identified the paragraphs as "16-23, 33-37, and 41-59." *Douglas,* at *1 and *11. In the concluding paragraph of the Court's analysis and the first sentence of the conclusion, the Court identifies the paragraphs as "16-23, 33-37, and 41-**49**." Regardless of whether the Court struck paragraphs 41-59 or 41-49, it is clear from the opinion that all of the paragraphs to which the defendant objected were stricken from the complaint.

7

also fails to offer any factual basis for equating her position as a faculty member and surgeon to that of a resident in the pediatrics residency program. Paragraph 64 is also devoid of any facts that suggest the residents suffered the same injuries as Dr. Ahad. The residents were allegedly discriminated against in the areas of "remediation, extension of training, verification of credentials, work schedules and contract renewals," but there is no reference to any inequality in pay because of gender. Because paragraph 64 fails to allege any facts that connect the complaints made by residents in the pediatrics program to Dr. Ahad's allegations regarding her salary, this paragraph should be stricken.

Plaintiff has seized on allegations made by non-employees of Defendants about issues relating to supervision, but has not tied those allegations to her own allegations regarding unequal pay. Dr. Ahad's allegations in paragraph 64, based on a newspaper article, that two pediatric residents complained to an accreditation council and that their lawyer believed that his clients' were subject to a discriminatory atmosphere, are not facts that have any bearing on Dr. Ahad's allegations of unequal pay. This paragraph is the type of "unnecessary clutter" that should be removed from a case under Rule 12(f) in order to expedite the litigation and avoid prejudice to Defendants by way of confusing the issues. If these paragraphs remain in the Complaint, Defendants will be required to devote time and resources to defend themselves against claims that have no possible relationship to the actual issues of unequal pay alleged in Plaintiff's Complaint.

## **Conclusion**

In conclusion, Defendants move to strike paragraphs 61-64 of Plaintiff's Complaint pursuant to Rule 12(f) because they are immaterial and will unduly delay litigation in this case. If these paragraphs remain in the Complaint, any time spent on discovery regarding these issues will cause undue delay because verifying the truth of these allegations does not support Plaintiff's claim of discriminatory pay practices.

WHEREFORE, Defendants respectfully request that paragraphs 61-64 of Plaintiff's Complaint be stricken, and for such other and further relief as the Court deems proper.

Respectfully Submitted,

Board of Trustees of Southern Illinois University and SIU Physicians & Surgeons, Inc., Defendants

By: */s/Thomas H. Wilson*

Thomas H. Wilson, #6202141
Jessica L. Galanos, #6297491
HeplerBroom, LLC
4340 Acer Grove Drive, Suite A
Springfield, IL 62711
217-528-3674
Fax: 217-528-3964
thw@heplerbroom.com
jlg@heplerbroom.com

## PROOF OF SERVICE

I hereby certify that on this 16th day of February, 2016, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:

Michael F. Brown
DVG LAW PARTNER LLC
P.O. Box 645
Neenah, WI 54957
Email: mbrown@dvglawpartner.com
*Attorney for the Plaintiff*

J. Bryan Wood
THE WOOD LAW OFFICE, LLC
303 W. Madison St.
Suite 2650
Chicago, IL 60606
E-mail: bryan@jbryanwoodlaw.com
*Attorney for the Plaintiff*

*/s/Thomas H. Wilson*

9