**E-FILED**
Wednesday, 20 April, 2016  04:52:13 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SAJIDA AHAD, on behalf of Herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) )    No.  15-cv-3308 |
| SOUTHERN ILLINOIS SCHOOL OF MEDICINE, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER REGARDING SCHEDULING

On March 29, 2016, the parties were directed by the undersigned to file an amended discovery plan reflecting bifurcation of class and merits discovery.  The Court has reviewed the parties' Amended Report of the Parties' Planning Meeting (d/e 22).  TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1.      Initial Disclosures.  The parties have completed the initial disclosures required by Rule 26(a)(1) by serving them on April 1, 2016.

2.      Discovery Plan.  Proposed class and collective actions involve scheduling and discovery issues that are not addressed by typical Rule 26

1

reports and standard scheduling orders.  The parties submitted their positions on bifurcating discovery and the Court (through Minute Entry entered March 29, 2016) determined that discovery should be bifurcated and directed the parties to file an amended discovery plan reflecting bifurcation of class and merits discovery.  The parties previously identified subjects on which they believe discovery will be necessary and continue to believe discovery will be necessary on those subjects.

## SCHEDULING ORDER

(a)    Fact discovery was commenced upon the exchange of Rule 26(a)(1) initial disclosures:

(1)    No motions to join other parties or to amend the pleadings (other than through class or collective action procedure) may be filed after August 19, 2016.

(2)    Fact discovery relating to class certification issues shall be completed by September 12, 2016.

(3)    Plaintiff shall disclose class or collective action expert certification reports (if any) by October 12, 2016.  Plaintiff shall make this expert available for deposition by November 9, 2016.

(4)     Defendants shall disclose class or collective action expert certification reports (if any) by December 9, 2016. Defendants shall make this expert available for deposition by January 13, 2017.

(5)     Plaintiff shall disclose any rebuttal class or collective action expert certification reports (if any) by February 13, 2017. Plaintiff shall make this rebuttal expert available for deposition by March 13, 2017.

(6)     Plaintiff shall file her motion for class certification under Rule 23 and Defendants shall challenge preliminary certification as a Section 216(b) collection action certification (assuming it has been granted) by April 14, 2017.

(7)     Defendants shall respond to motion for Rule 23 class certification and Plaintiff shall respond to any motion by Defendants seeking decertification of a Section 216(b) collective action certification by May 15, 2017.  Any replies relating to these motions shall be submitted by May 31, 2017.

(8)     The parties shall complete all remaining fact discovery within six months following the Court's ruling on class/collective action certification.

(9)     Plaintiff shall disclose any additional expert reports regarding the merits of her claims within seven months following the Court's ruling on class/collective action certification.  Plaintiff shall make this expert available for deposition 30 days after this disclosure.

(10)   Defendants shall disclose any additional expert reports regarding the merits of Plaintiff's claim within nine months following the Court's ruling on class/collective action certification. Defendant shall make this expert available for deposition 30 days after this disclosure.

(11)   Plaintiff shall disclose any expert reports regarding the merits of her claims within eleven months following the Court's ruling on class/collective action certification.  Plaintiff shall make this rebuttal expert available for deposition 30 days after this disclosure.


(b)     The parties may serve up to 35 interrogatories (inclusive of sub-parts) on each party (or more, if agreed upon in advance) without obtaining leave of Court and those responses shall be due in accordance with Rule 33.

4

(c)     Depositions shall be conducted in accordance with applicable rules, including with respect to scheduling, the number of depositions permitted and length of depositions.  The parties may alter the scheduling of or limits permitted under applicable rules by agreement without leave of Court.

(d)     The parties anticipate that electronic discovery will be necessary and have begun the meet and confer process regarding how and from whom information will be collected, searched and produced.

(e)     FRE 502 and Rule 26(b)(5)(B) adequately address the issue of inadvertently produced privileged information or trial preparation materials and the parties shall comply with those rules in the event that such material is produced.  The parties do not believe that a separate order is necessary.

(f)     Parties are to file a joint proposed amended protective order including language pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(c) requiring a receiving party to return any inadvertently produced attorney-client privileged communication and/or attorney work product.

(g)     The Court will hold a pretrial conference to discuss the status of proceedings at least ninety days before close of fact discovery.

(h)     The parties agree that service by e-mail to counsel of record for

a party is appropriate and acceptable for service of any pleadings,

discovery materials, or filings on that party.

ENTERED:  April 20, 2016

_____s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE