IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SAJIDA AHAD, MD, on Behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:15-cv-3308 |
| SOUTHERN ILLINOIS SCHOOL OF MEDICINE, et al, | ) ) ) ) ) | |
| Defendants. | ) | |

ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Sajida Ahad, MD, has filed a lawsuit alleging violations of various state and federal equal pay and civil rights laws.  The defendants have filed a motion to dismiss three of the five named defendants, as well as a motion to strike paragraphs 61 through 64 of Dr. Ahad's complaint.

For the reasons below, the motion to dismiss three of the named defendants from the case (d/e 14) is DENIED IN PART as moot and GRANTED IN PART.  The motion to strike paragraphs 61-64 of the complaint (d/e 15) is DENIED.

## I. The motion to dismiss

Dr. Ahad has sued five entities (see d/e 1):

- Southern Illinois School of Medicine
- Southern Illinois University
- Board of Trustees of Southern Illinois University
- SIU Healthcare, Inc.
- SIU Physicians & Surgeons, Inc.

The defendants argue that the five entities named in the complaint actually constitute only two legal entities. The defendants urge the Court to dismiss the three duplicative entities.

The defendants' motion to dismiss has become moot with respect to Southern Illinois School of Medicine and Southern Illinois University. On April 20, 2016, the Court dismissed those two defendants pursuant to the stipulation in paragraph 4(e) on page four of the Amended Report of the Parties' Planning Meeting (d/e 22). See April 20, 2016 text order (dismissing Southern Illinois School of Medicine and Southern Illinois University without prejudice). Therefore, the Court denies as moot the defendants' motion to dismiss Southern Illinois School of Medicine and Southern Illinois University as defendants.

That leaves SIU Healthcare, Inc., which the defendants say is merely an assumed name of SIU Physicians & Surgeons, Inc. Naming both entities as defendants is duplicative, the defendants argue, because the two entities are in fact the same entity.

Dr. Ahad does not oppose the defendants' motion to dismiss SIU Healthcare, Inc. (See d/e 17 at ¶ 2.) Therefore, the Court grants the defendants' motion to dismiss SIU Healthcare, Inc.

## II.   The motion to strike

The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and will usually be denied unless "the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration," as well as "unduly prejudicial." Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 11 F.Supp.2d 1006, 1009 (N.D. Ill. 1998) (quotation omitted). A party will be prejudiced if the allegation at issue will confuse the issues in the case or is so lengthy and complex that it places an undue burden on the party. Id.

Here, the defendants ask the Court to strike paragraphs 61-64 of Dr. Ahad's complaint. The defendants acknowledge that, of the complaint's 106 paragraphs, 102 relate to Dr. Ahad's gender discrimination claims. But paragraphs 61-64, the defendants say, have no such relationship, are "immaterial" to Dr. Ahad's claims, and should be stricken (d/e 15 at 2).

Dr. Ahad argues that the defendants' motion to strike is untimely, as the defendants filed it only <u>after</u> they filed their answer to Dr. Ahad's complaint. <u>See</u> Fed. R. Civ. P. 12(f) ("The court may act: (1) on its own motion; or (2) on a motion made by a party … before responding to the pleading …"). But because under Rule 12(f) the Court may act on its own motion, the Court considers the issues raised in the defendants' motion to strike.

### A.   Paragraphs 61-63

The defendants argue that the Court should strike paragraphs 61-63 because the allegations in those paragraphs are time-barred and do not as a matter of law support Dr. Ahad's discrimination claims.

In paragraphs 61 and 62, Dr. Ahad alleges gender-based differential treatment with respect to her pregnancy leave and her

subsequent performance evaluations. These claims, the defendants say, were not timely filed with the Equal Employment Opportunity Commission.

In paragraph 63, Dr. Ahad alleges further unequal treatment relating to her pregnancy leave, in the form of a hostile work environment, "negative[] referenc[es]" to the leave, and blaming workplace problems on the leave (d/e 1 at ¶ 63). This allegation, the defendants say, does not rise to the level of being an "adverse employment action" for the purposes of alleging discrimination (d/e 15 at 2).

But as Dr. Ahad notes in her response, the defendants are "conflat[ing] what is relevant with what is actionable" (d/e 18 at 3). Conduct that is not actionable may still provide relevant background information to support timely claims. AMTRAK v. Morgan, 536 U.S. 101, 113 (2002) (failure to timely file employment discrimination claim with Equal Employment Opportunity Commission does not "bar an employee from using the prior acts as background evidence to support a timely claim"); Smart v. Ball State Univ., 89 F.3d 437, 442 (7th Cir. 1996) (negative performance evaluation alone does not likely constitute "adverse employment

action," but "[t]here are certainly cases where allegedly undeserved performance evaluations have been presented as evidence of discrimination on the basis of sex"); Oest v. Ill. Dep't of Corr., 240 F.3d 605, 613 (7th Cir. 2001) (non-actionable conduct "can constitute relevant evidence of discrimination with respect to other [actionable] employment actions").

For this reason, the Court agrees with its sister courts that have declined to strike portions of complaints in similar or more extreme situations.  See Lee v. Northwestern Univ., No. 10-1157, 2010 U.S. Dist. LEXIS 69582, *15 (N.D. Ill. July 13, 2010) (denying motion to strike) ("Despite our conclusion that events preceding November 2008 cannot provide a basis for liability, their inclusion within the complaint provides background information to the timely claims …. [t]hey are thus not irrelevant, as [defendant] claims."); Prime Time Mktg. Mgmt. v. Beta Fin. Co., No. 09-273, 2010 U.S. Dist. LEXIS 100093, *4 (N.D. Ill. Sept. 22, 2010) (because paragraphs contained relevant background information, denying motion to strike 50 consecutive paragraphs not mentioning defendant); Walker v. Graham, No. 99-2481, 2000 U.S. Dist. LEXIS 11153 (N.D. Ill. June 27, 2000) (denying motion to strike) ("As far as

the court can see, Walker is not seeking compensation for these [time-barred] actions ... and these allegations are included only as background information.").

The defendants cite two cases in which a court granted a motion to strike untimely allegations: Tragas v. City of Chicago, No. 97-8303, 1998 U.S. Dist. LEXIS 16878 (N.D. Ill. Oct. 23, 1998), and Golden v. Village of Glenwood, No. 14-7247, 2015 U.S. Dist. LEXIS 27477 (N.D. Ill. Mar. 6, 2015).  But in Tragas, the court struck sections of the plaintiff's complaint that sought untimely relief without meeting the "continuing violation" doctrine.  1998 U.S. Dist. LEXIS 16878 at *6-8.  Similarly, in Golden, the court dismissed the plaintiff's malicious prosecution claim as untimely and struck the portions of the complaint relating to it.  2015 U.S. Dist. LEXIS 27477 at *2.  Here, Dr. Ahad merely seeks to use evidence of untimely or non-actionable conduct to support her timely claims (d/e 18 at 5).  For this reason, the Court declines to strike paragraphs 61-63 of Dr. Ahad's complaint.

### B.   Paragraph 64

In paragraph 64, Dr. Ahad refers to complaints made by two women in SIU's pediatric residency program alleging unfair

treatment by attending physicians. The defendants describe this as "simply a mudslinging attempt … to interject immaterial and ultimately disproven allegations" into the case (d/e 15 at 2). The defendants argue that the Court should strike paragraph 64 because the paragraph's contents have "no possible bearing" on Dr. Ahad's claims (d/e 16 at 6). The defendants contend that paragraph 64 represents Dr. Ahad's effort to "impermissibly broaden the scope of her discrimination claims" (d/e 16 at 6). Striking the paragraph, the defendants say, will "remove unnecessary clutter from the case" and prevent the defendants from having to defend against "immaterial claims" (d/e 16 at 6).

But the Court agrees with Dr. Ahad that the defendants' treatment of other women is relevant to Dr. Ahad's discrimination claims. An employer's "behavior toward or comments directed at other employees in the protected group" can be relevant to showing the employer's intent. Mullin v. Temco Mach., Inc., 732 F.3d 772, 776-77 (7th Cir. 2013); see also Bouhmedi v. Plastag Holdings, LLC, 489 F.3d 781, 792 (7th Cir. 2007) (allowing plaintiffs to rely on "behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference

of discriminatory intent might be drawn"); Hasan v. Foley & Lardner LLP, 552 F.3d 520, 529 (7th Cir. 2008) ("behavior toward or comments directed at other employees in the protected group is one type of circumstantial evidence that can support an inference of discrimination") (internal quotation omitted); Butta-Brinkman v. Financial Collection Agencies Int'l, 164 F.R.D. 475, 476 (N.D. Ill. 1995) (declining to limit discovery of other employees' complaints, because company-wide information was relevant to defendant's anti-harassment policy's effectiveness); Kern v. Univ. of Notre Dame Du Luc, No. 96-406, 1997 U.S. Dist. LEXIS 21158, *7 (N.D. Ind. Aug. 12, 1997) (ordering discovery regarding College of Business Administration employees outside plaintiff's specific department, on grounds of relevance to plaintiff's discrimination claims).

In support of their position, the defendants cite Douglas v. Lofton, No. 12-8592, 2013 U.S. Dist. LEXIS 70051 (N.D. Ill. May 17, 2013). There, the plaintiff's complaint included several dozen paragraphs describing other alleged victims of the defendants' discrimination. The court granted the defendants' motion to strike the paragraphs on the ground that the paragraphs were not relevant or material to the plaintiff's discrimination claims. The

plaintiff argued that the paragraphs were relevant because they related to similar abuse by the defendants, but the court struck the paragraphs on the grounds that: (1) the plaintiff had failed to provide "any factual allegations" about whether the other alleged victims were "similarly situated" or suffered the same injuries as the plaintiff; and (2) the plaintiff had failed to allege that the defendants had discriminated against those employees in a "similar" manner. Id. at *36-38.

The Court finds Douglas distinguishable.  First, in striking paragraphs 16-23 of the plaintiff's complaint after dismissing several counts in the complaint, the Douglas court noted that the paragraphs were "irrelevant and immaterial to [the plaintiff's] remaining claims."  Id. at *36 (emphasis added).  Here, the Court has not dismissed any of Dr. Ahad's claims.

Second, in striking paragraphs 34-37 and 41-59 of the plaintiff's complaint—paragraphs that described other employees against whom the employer allegedly discriminated—the Douglas court noted that the discrimination alleged in those paragraphs was "very different" than the type of discrimination the plaintiff alleged had happened to her.  Id. at *37.  For example, the paragraphs

described a male teacher who was discriminated against because of his hearing loss, and another teacher who was discriminated against because of child abuse allegations. The court found that the plaintiff had not alleged that her employer "discriminated against these [other employees] in any manner similar to [the plaintiff's own] allegations of discrimination"—discrimination that allegedly had taken the form of an assault and a "campaign of harassment." Id. at *32-38. Here, by contrast, Dr. Ahad has alleged that other women "experienced or complained of the discriminatory atmosphere for women" that the defendants in this case created (d/e 1 at ¶ 64). An employer's "behavior toward or comments directed at other employees in the protected group" can be relevant to showing the employer's intent. Mullin, 732 F.3d at 776-77.

Because the Court agrees with Dr. Ahad that the defendants' treatment of other women is relevant to Dr. Ahad's discrimination claims, the Court declines to strike paragraph 64.

### III. Conclusion

The defendants' motion to dismiss improperly joined parties (d/e 14) is DENIED IN PART as moot and GRANTED IN PART. SIU

Healthcare, Inc. is DISMISSED from this litigation.  (As explained above, Southern Illinois School of Medicine and Southern Illinois University have already been dismissed.)

The defendants' motion to strike paragraphs 61-64 of the complaint (d/e 15) is DENIED.

ENTERED:  May 25, 2016

FOR THE COURT:            s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE