E-FILED
Wednesday, 18 October, 2017  04:53:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SAJIDA AHAD, M.D., on behalf of herself and all others similarly situated,<br>　　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY and SIU PHYSICIANS & SURGEONS, INC.,<br>　　　　　　　　　　　Defendants. | No.   15-cv-03308-SEM-TSH |

**PLAINTIFF'S MOTION FOR RULE 23 CLASS CERTIFICATION**

Plaintiff Sajida Ahad, M.D., by and through her attorneys and on behalf of herself and all others similarly situated, moves pursuant to Rule 23 of the Federal Rules of Civil Procedure for Class Certification. In support, Plaintiff states as follows:

1. Plaintiff Sajida Ahad, M.D., seeks redress on behalf of herself and a putative class of female physician faculty for gender-based pay discrimination by Southern Illinois University Medical School ("SIU Medical School") and SIU Physicians & Surgeons, Inc, also known as SIU Healthcare (collectively "Defendants").

2. Plaintiff requests the Court: (a) certify a class of female physician faculty employed by Defendants at any point since October 27, 2010 for Counts II through IV of her Amended Complaint; (b) appoint Plaintiff as the Class Representative; and (c) appoint Plaintiff's counsel J. Bryan Wood and Michael Brown as Class Counsel. As explained below and in the accompanying memorandum, the putative class satisfies all elements of Rule 23(a) and certification is appropriate under Rule 23(b)(2), Rule 23(b)(3) and/or Rule 23(c)(4).

**Plaintiff's Putative Class Claims**

3. Count I of Plaintiff's Amended Complaint (Dkt. 31) alleges Defendants violated The Equal Pay Act, 29 U.S.C. § 206(d) (2012) ("EPA"). The Court granted Plaintiff's motion for conditional certification on that claim, appointing Plaintiff's counsel as EPA Class Counsel for the collective action and certifying a class of "[a]ll current and former female faculty physicians at SIU School of Medicine and SIU Physicians & Surgeons, Inc., also known as SIU Healthcare, within three years of September 28, 2017." (Dkt. 53). This motion addresses Plaintiff's other class-based pay discrimination claims.

4. **Count II** alleges Defendants violated **The Illinois Equal Pay Act of 2003**, 820 ILCS 112/10 ("Illinois EPA"), which prohibits "paying wages to an employee at a rate less than the rate at which the employer pays wages to another employee of the opposite sex for the same or substantially similar work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."

5. **Count III** alleges Defendants violated **Title VII of the Civil Rights Act of 1964** 42 U.S.C. § 2000e (2012), *et seq.* ("Title VII"), which prohibits discrimination "against any individual with respect to compensation… because of such individual's … sex." 42 U.S.C. § 2000e-2(a)(1) and 2000e-2(m). Title VII also prohibits "unintentional" discrimination, which occurs when an employment practice results in a "disparate impact" and the employer cannot show the practice is "job related" and "consistent with business necessity" or the employee proves a less discriminatory alternative exists. 42 U.S.C. § 2000e-2(k).

6. **Count IV** alleges Defendants violated **The Illinois Civil Rights Act of 2003**, 740 ILCS 23/1 *et seq.* ("Illinois Civil Rights Act"), which prohibits any unit of Illinois government from: "(1) … subject[ing] a person to discrimination under any program or activity on the

grounds of that person's … gender; or (2) utilize[ing] criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their …gender." 740 ILCS 23/5(a).

7.     Defendants admit Plaintiff's July 28, 2014 EEOC charge included all Title VII claims alleged in her amended complaint. (Dkt. 39, Answer ¶15). Defendants also concede this Court's jurisdiction over Plaintiff's putative class claims. (Dkt. 39, Answer ¶¶ 14-16, 113, 117, 126).

8.     The filing of Plaintiff's original complaint on October 27, 2015 (Dkt. 1) tolled the Illinois EPA's five-year statute of limitations. 820 ILCS 112/30.[1] The tolling date for Plaintiff's Title VII claims and her Illinois Civil Rights Act claim is shorter.[2] Thus, Plaintiff seeks to certify a class of female physicians employed after October 27, 2010.

---

[1] Absent class members need not file their own actions once a class action asserting claims on their behalf has been filed; the statute of limitations is tolled until a determination regarding class certification is made. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974); *see also Crown v. Parker*, 462 U.S. 345, 353-54 (1983). Illinois state courts apply these tolling principles to statutory claims. *See Steinberg v. Chi. Med. Sch.*, 69 Ill. 2d 320, 342 (1977) (adopting Am. Pipe & Constr. Co. for state law claims); *see also Hess v. I.R.E. Real Estate Income Fund*, 629 N.E.2d 520, 531 (Ill. App. Ct. 1993) (applying tolling for Illinois statutory claims).

[2] The Illinois Civil Rights Act's statute of limitations is two years; thus, the tolling date is October 27, 2013. 740 ILCS 23/5(b). Title VII permits recovery of backpay up to two years prior to the filing of an EEOC charge and Courts have used that date for determining the scope of a class. 42 U.S.C. § 2000e-5(e)(3)(B); 42 U.S.C. § 2000e-5 (g)(1); *McBroom v. W. Elec. Co.*, 429 F. Supp. 909, 912-13 (M.D.N.C. 1977) (applying the two-year statutory period for purposes of determining scope of the class). Here, two years prior to Plaintiff's EEOC charge is July 28, 2012, still after the tolling date for Plaintiff's Illinois Equal Pay Act claim.

**Plaintiff Satisfies Rule 23's Requirements for Class Certification**

9.  A party seeking class certification need only demonstrate the class satsifies the requirements of Rule 23. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). To attain class certification, Plaintiffs must satisfy Rule 23(a) and one of subsections of Rule 23(b). *Amchem Prods. v. Windsor*, 521 U.S. 591, 613-16 (1997).

10. Plaintiffs need not establish Rule 23's elements "to a degree of absolute certainty." *Messner*, 669 F.3d at 811. But the Court must make factual and legal inquiries necessary to determine certification. *Id.* at 811; *see also Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (requiring Court to receive evidence to resolve factual disputes over elements). Thus, the Court is empowered to hold evidentiary hearings to determine whether the Rule 23 elements have been satisfied. *See Spano v. Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011) ("'a judge should make whatever factual and legal inquiries are necessary under Rule 23'") (quoting *Szabo*).

11. "Courts should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012); *see also Schleicher v. Wendt*, 618 F.3d 679, 685 (7th Cir. 2010) (explaining that "certification is largely independent of the merits").

12. The primary issue is whether a party's claims or defenses are most efficiently determined on a class-wide basis rather than potentially hundreds of individual trials. *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 672 F.3d 482, 490 (7th Cir. 2012); *see also Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 438 (7th Cir. 2015); *Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469, 471 (7th Cir. 2004).

**Plaintiff Satisifies Rule 23(a)'s Requirements**

13.     Federal Rule of Civil Procedure 23(a)'s four elements are numerosity, commonality, typicality, and adequacy of representation. Plaintiff satisfies each.

14.     Numerosity is satisfied because joinder of the approximately 165 members is impracticable, in part because they reside in approximately 16 states throughout the country. *See Shaver v. Trauner*, No. 97-1309, 1998 U.S. Dist. LEXIS 19648, at *12 (C.D. Ill. July 31, 1998) (applying Rule 23(a)(1) and noting "[w]here the class numbers at least 40, joinder is generally considered impracticable").

15.     Commonality is met because Plaintiff challenges Defendants' school-wide "Compensation Plan" – which governs compensation, is implemented by a small group of top management and resulted in statistically significant differences in compensation by gender. *See McReynolds,* 672 F.3d at 490 (ordering certification where plaintiffs challenged similar company-wide policy, but one implemented by multiple managers and employees); s*ee also Chi. Teachers Union*, 797 F.3d at 438 (ordering certification in an employment discrimination action and noting "[s]ubjective, discretionary decisions can be the source of a common claim if they are, for example, the outcome of employment practices or policies controlled by higher-level directors, if all decision-makers exercise discretion in a common way because of a company policy or practice, or if all decision-makers act together as one unit").

16.     Typicality is satisified because Plaintiff's claims arise from the same course of conduct affecting other class members and are based on the same legal theory. *Rosario v. Livaditis,* 963. F.2d 1013, 1018(7th Cir. 1992).

17.     Plaintiff and her counsel will fairly and adequately protect the interests of the class by diligently prosecuting the forgoing claims, as they have thus far, and as Plaintiff's

counsel have done in other litigation. Neither Plaintiff nor her counsel have interests adverse to the class. *See, e.g., Barnes v. Air Line Pilots Ass'n,* 310 F.R.D. 551, 557 (N.D. Ill. 2015) (discussing Seventh Circuit's two-part standard – whether the representative has antagonistic interests and putative class counsel is adequate). Accordingly, Plaintiff satisfies all of Rule 23(a)'s required elements.

**Plaintiff Satisifies Rule 23(b)(2), 23(b)(3) and/or Rule 23(c)(4)**

18.  A party need only satisfy one subsection of Rule 23(b); alternatively, the Court can determine certification of an issue is appropriate pursuant to Rule 23(c)(4).

19.  As explained in the accompanying memorandum, Rule 23(b)(2) certification is appropriate because Defendants acted on grounds generally applicable to the class, thereby making final injunctive relief appropriate or corresponding declaratory relief with respect to class as a whole. Fed. R. Civ. P. 23(b)(2).

20.  Additionally, Rule 23(b)(3) certification is proper because questions of law or fact predominate over any questions affecting only individual members and class litigation is the superior method for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). That is particularily true here, given Plaintiff's legal claims regarding Defendants' practice for compensating physicians. As explained in Plaintiff's memorandum, the Seventh Circuit and lower courts have repeatedly held that answering the overarching liability questions about whether Defendants' practice of compensating physicians was discriminatory will move the litigation forward for all class members.

21.  Accordingly, Plaintiff's class should be certified for liablity, declaratory and injunctive relief under Rule 23(b)(2) and for damages under Rule 23(b)(3).

22.     In the alternative, this Court can certify the class under Rule 23(c)(4). Rule 23 (c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Even if the Court finds Rule 23(b)(2) and Rule 23(b)(3) certification inappropiate, certification of liablity issues – such as whether Defendants "utilize criteria or methods of adminstration that have the effect of subjecting individuals to discrimination because of their gender" – is appropriate under Rule 23(c)(4). *See* 740 ILCS 23/5.

**Exhibits in Support of Rule 23 Class Certification**

23.     For ease of reference, Plaintiff identifies her exhibits and, if possible, where they previously appear in the Court's docket.

| Ex. | Abbreviation | Description | Prev. Dkt. |
|---|---|---|---|
| **Defendants' Admissions, Sworn Testimony and Discovery Responses** | | | |
| 1 | Answer | Defendants' Answer and Affirmative Defenses to the Amended Class Action and Collective Action Complaint | 39 |
| 2 | Cox-Largent Dep. | Rule 30(b)(6) Testimony for SIU Board of Trustees | 33-1 |
| 3 | Weichhold Dep. | Rule 30(b)(6) Testimony for SIU Physicians & Surgeons, Inc. | 33-7 |
| 4 | Cox-Largent Decl. | Wendy Cox-Largent November 29, 2016 Declaration [*Filed Under Seal per 12/2/2016 Text Order] | 43-44* |
| 5 | Defs' Answer to Interrogatory 4 | Defendants' Objections and Answers to Plaintiff's First Set of Interrogatories (Excerpted) | |
| 6 | Song Dep. | Deposition of Chen Song, Ph.D. (Excerpted) | |
| **Plaintiffs' Sworn Testimony, Discovery Respsponses and Expert Reports** | | | |
| 7 | Ahad Dep. | Deposition of Plaintiff Dr. Sajida Ahad (Excerpted) | |

| Ex. | Abbreviation | Description | Prev. Dkt. |
|---|---|---|---|
| 8 | Ahad Response to Interrogatory 7 | Plaintiff's Response to Defendants' First Set of Interrogatories (Excerpted) | |
| 9 | Sharp Report | Expert Report of D.C. Sharp, Ph.D. For Purposes of Class Certification | 48-3 |
| 10 | Sharp Reply | Reply Report of D.C. Sharp, Ph. D. Regarding Class Certification (Redacted) | 48-6 |
| 11 | Sharp Dep. | Deposition of D. C. Sharp (Exceprted) | |
| 12 | Wood Decl. | Declaration of J. Bryan Wood | |
| 13 | Brown Decl. | Declaration of Michael F. Brown | |
| **Defendants' Background and Organizational Structure** | | | |
| 14 | Master Agreement | Master Agreement between SIU School of Medicine and SIU Healthcare  [*Filed Under Seal per Dkt. 37] | 35* |
| 15 | SOM Org. Chart | SIU School of Medicine Organization Chart (Cox-Largent Dep. Ex. 3) | |
| 16 | Dept. Chairs | SIU School of Medicine Chairperson Listing 2006-Current (produced February 21, 2016) | |
| 17 | Comp. Committee | SIU Healthcare Compensation Committee Membership 2006-2016 (Cox-Largent Dep. Ex. 21) | |
| 18 | Faculty Guidlines | SIU School of Medicine Guidelines on Faculty Appointments, Promotion, and Tenure | 33-4 |
| **Materials Related to Administration of Defendants' Compensation Plan** | | | |
| 19 | Compensation Plan | SIU Physicians & Surgeons, Inc. Compensation Plan  [*Filed Under Seal per Dkt. 37] | 36* |
| 20 | OMITTED | INTENTIONALLY OMITTED | |
| 21 | DOL Order | U.S. Dept. of Labor Decision and Order (April 13, 2016) | 45-1 |

8

| Ex. | Abbreviation | Description | Prev. Dkt. |
|---|---|---|---|
| 22 | Recruitment Tracking Form | Recruitment Tracking Form for position Ahad filled (Cox-Largent Dep. Ex. 15; Cox-Largent Decl. Ex. 5) [*Filed Under Seal per 12/2/2016 Text Order] | 43-44* (p. 48) |
| 23 | Ahad Offer Letter | Ahad February 18, 2008 Offer Letter from Defendants | |
| 24 | Member Practice Agreement | Ahad 2008 Member Practice Agreement | 33-2 |
| 25 | Ahad 2008 Annual Agreement | Ahad 2008 Annual Compensation Agreement (Cox-Largent Dep. Ex. 19) | 33-6 |
| 26 | Ahad 2013 Annual Agreement | Ahad 2013 Annual Compensation Agreement (Cox-Largent Dep. Ex. 20) | |
| 27 | McCarthy Interview Notes | Defendants' 2014 Human Resources Investigation – Penny McCarthy Interview Notes | |

Through a separate motion filed herewith, Plaintiff seeks to leave to file Class Certification Exhibits 4, 14, 19, 22 and 27 under seal (without opposition).

**Summary of Class Definition, Representative, Counsel and Claims and Issues**

24.    In certifying a class, this Court must issue an order defining the class, appointing class representatives and class counsel, and specifying class claims, issues or defenses.  Fed. R. Civ. P. 23(c)(1)(B).  Plaintiff respectfully requests the Court enter an order with the information below and any modifications the Court deems necessary, after any evidentiary proceedings the Court deems appropriate:

9

- <u>Class Definition</u>:  All current and former female faculty physicians employed at Southern Illinois University School of Medicine and SIU Physicians & Surgeons, Inc, also known as SIU Healthcare, at any point since October 27, 2010.[3]

- <u>Class Representative</u>:  Plaintiff Sajida Ahad, M.D.[4]

- <u>Class Counsel</u>:  J. Bryan Wood, The Wood Law Office, LLC, and Michael Brown of DVG Law Partners, LLC.[5]

- <u>Class Claims and Issues</u>:  Plaintiff's gender-based pay discrimination claims under the Illinois Equal Pay Act, Title VII (intentional and unintentional discrimination) and the Illinois Civil Rights Act under Rule 23(b)(2) for liability, declaratory and injunctive relief and under Rule 23(b)(3) for damages.[6]

25.  The evidence and argument presented demonstrate certification is appropriate under Rule 23.  But if the Court finds additional information is necessary to determine whether

---

[3] In her Amended Complaint (Dkt. 31, ¶ 82), Plaintiff identified the class as "all current or former female physicians employed by Defendants from October 27, 2010 to present, who received compensation pursuant to the SIU [Physicians & Surgeons, Inc.] Compensation Plan or who received a base salary from SIU School of Medicine."  As facts described in Plaintiff's memorandum demonstrate, this class definition is identical to the one Plaintiff currently proposes because all female physician faculty employed by Defendants are compensated pursuant to Defendants' Compensation Plan and receive a base salary from SIU School of Medicine.  Additionally, the currently-proposed definition more closely mirrors the EPA Class definition. (Dkt. 53, p. 21).

[4] If the Court finds Plaintiff inadequate to represent all or part of the proposed class or other individuals opt into the lawsuit to pursue Equal Pay Act claims, Plaintiff may seek leave to add alternative or additional representatives.

[5] Plaintiff's counsel believe their declarations show they satisfy the elements of Rule 23(g), but respectfully request that the Court request any information it believes may be lacking pursuant to Rule 23(g)(1)(C).

[6] In the alternative, Plaintiff seeks certification of issues relating liability on those claims under Rule 23(c)(4).

Rule 23's elements are satisfied, Plaintiff respectfully requests that the Court request that information or, alternatively, hold an evidentiary hearing.

## CONCLUSION

WHEREFORE, for the reasons provided above and in the accompanying Memorandum and supporting evidence, Plaintiff respectfully requests the Court grant Plaintiff's motion for Rule 23 class certification as set forth above.

                                                Respectfully submitted for Plaintiff
                                                Dr. Sajida Ahad, on behalf of herself and
                                                all others similarly situated,

                                                /s/ J. Bryan Wood
                                                Attorney for Plaintiff

J. Bryan Wood (ARDC #6270845)
The Wood Law Office, LLC
303 W. Madison St., Suite 2650
Chicago, IL 60606
bryan@jbryanwoodlaw.com
Phone: (312) 554-8600
Fax: (312) 577-0749

Michel Brown
DVG Law Partner LLC
4321 W. College Avenue, Suite 200
Appleton, Wisconsin 54914
mbrown@dvglawpartner.com
Phone: 920-757-2488
Fax: 920-273-6177

October 18, 2017

## CERTIFICATE OF SERVICE

On October 18, 2017, the undersigned served the attached Motion for Rule 23 Class Certification and exhibits thereto on all counsel of record by filing it via the Court's electronic case filing system and subsequently delivering copies via overnight delivery.

                                                            /s/ J. Bryan Wood