IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SAJIDA AHAD, MD, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 15-cv-3308 ) |
| BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY and SIU PHYSICIANS & SURGEONS, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

The cause before the Court is Plaintiff's Motion to Strike Defendants' Exhibit I in Opposition to Rule 23 Class Certification – Their Expert's "Rebuttal Report" (d/e 76), pursuant to Federal Rule of Civil Procedure 37. For the reasons stated herein, Plaintiff's Motion is DENIED.

### I. BACKGROUND

Plaintiff Sajida Ahad, M.D. alleges gender-based pay discrimination on her behalf and a class of female physicians

employed by Defendants.  Plaintiff alleges that Defendants paid Plaintiff and other female physicians substantially lower compensation than male physicians for the same or similar work. See Am. Compl., (d/e 31).  Defendants deny these allegations.  See Answer to Am. Compl. (d/e 39). Under the scheduling order, Plaintiff was to disclose her class or collective action expert certification reports by March 11, 2017, Defendants were to disclose class or collective action expert certification reports by May 8, 2017, and Plaintiff was to disclose any rebuttal class or collective action expert certification reports by July 14, 2017.  See Second Revised Order Regarding Scheduling (d/e 29).  There was no provision providing a deadline for a rebuttal expert report for Defendant.

Plaintiff's expert, Dr. D.C. Sharp, submitted his expert report on March 10, 2017.  Defendants' expert, Dr. Chen Song, filed her expert report on May 8, 2017.  Plaintiff's expert filed his rebuttal report on July 14, 2017.

Plaintiff's objection concerns the Defendants' "Rebuttal Report" received by Plaintiff on August 10, 2017 and included as Exhibit I

in Defendants' Opposition to Plaintiff's Motion for Class Certification (d/e 68-16).[1]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "The purpose of Rule 37(c) is to prevent the practice of 'sandbagging' an opposing party with new evidence." Marvel Worldwide, Inc. v. Kirby, 777 F. Supp. 2d 720, 727 (S.D.N.Y. 2011) (internal citations omitted), aff'd in part, vacated in part sub nom. Marvel Characters, Inc. v. Kirby, 726 F.3d 119 (2d Cir. 2013). The threshold question in a Motion for Rule 37(c) sanctions, therefore, is whether a party has failed to provide information or identify a witness as required by Rule 26(a) or (e).

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert witnesses and states that experts who provide written

---

[1] A title page was not included in Exhibit I, but the report contains additional opinions in response to Plaintiff's expert's reply report and the parties appear to agree that it is properly considered a rebuttal report.

reports must include, among other information, "a complete statement of all opinions the witnesses will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2). Rule 26(a)(2)(B)(ii) requires an expert's report to disclose "the facts or data considered by the witness in forming" the opinion, in addition to requiring specific information to be included with each written report. Additionally, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a court order, "evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must be disclosed within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

If the Court determines that a party has failed to provide information or identify a witness as required by Rule 26(a) or (e), the exclusion of non-disclosed evidence is "mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." Musser v. Gentiva Health Servs., 356 F.3d 751, 758 (7th Cir.2004). See also Rossi v. City of Chicago, 790 F.3d 729, 738 (7th Cir. 2015).

### III. ANALYSIS

Plaintiff contends that Defendants' Expert's Rebuttal Report must be struck for two reasons. First, Plaintiff argues that because the Rebuttal Report was not specifically authorized in the scheduling order, Defendants were required to seek leave of court before they could serve and rely on it. Defendants argue that because the scheduling order did not include a deadline for a rebuttal report for Defendants' expert, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) applied and created a 30-day deadline for Defendants to produce a rebuttal report. Defendants argue that their report was "intended solely to contradict or rebut evidence" included in Plaintiff's expert's reply report and, therefore, was timely produced within 30 days of the reply report.

The Court agrees that Rule 26(a)(2)(D)(ii) applies and Defendants were subject to a 30-day deadline to submit their rebuttal report, which they met. While it would have been prudent for Defendants to seek leave of Court to add a deadline for their expert's rebuttal report to the scheduling order when it appeared that a rebuttal report would be necessary, the Court will not exclude relevant evidence on this basis alone. See Talbert v. City of Chicago, 236 F.R.D. 415, 419 (N.D. Ill. 2006) ("There is a preference

in the federal system that trials be determined on the merits [ ] and not on constructions of the Federal Rules of Civil Procedure that operate needlessly in a given case to deprive a party of its right to have a merits-based determination of a claim.") (Internal citations omitted).  Moreover, Plaintiff has only included a conclusory statement that this failure caused prejudice.  Plaintiff has identified no prejudice that comes from the Defendants' failure to seek leave of the Court to serve and rely on an otherwise relevant report and the Court does not see how there could be prejudice.  The Court, therefore, will not strike Defendants' Rebuttal Report on this basis.

Second, Plaintiff argues that Defendants' report must be struck because the report was not accompanied by its underlying data or files as required by Rule 26.  However, Defendants state that the underlying data and files upon which their expert relied for the rebuttal report were produced earlier in the case by Plaintiff's own expert and were in the possession of Plaintiff at the time the rebuttal report was served on August 8, 2017.  Therefore, the Defendants argue, there has been no discovery violation.  Again, the Court agrees.  Defendants were not required to reproduce data already in possession of the Plaintiff.  Upon review of the Rebuttal

Report, it is clear that Defendants' expert identified the source of the data for the analyses and that the data was previously produced with earlier expert reports.  Even if the Court found that Rule 26(a)(2)(B) required Defendants to reproduce the data, a violation of this requirement would always be harmless where, as here, the data was in the Plaintiff's possession and its location was clearly identified.  Therefore, the Court will not strike Defendants' Rebuttal Report on this basis either.

### IV. CONCLUSION

For the reasons stated, Plaintiff's Motion to Strike Defendants' Exhibit I in Opposition to Rule 23 Class Certification – Their Expert's "Rebuttal Report" (d/e 76) is DENIED.

**ENTERED: March 5, 2018**

**FOR THE COURT:**

_s/ Sue E. Myerscough_
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**