UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SAJIDA AHAD, MD, et al and all others similarly situated | ) ) |
| Plaintiffs, | ) |
| v. | ) ) ) No.   15-cv-03308-SEM-TSH |
| BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY and SIU PHYSICIANS & SURGEONS, INC., | ) ) ) ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTIONS FOR SETTLEMENT CONFERENCE AND EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DECERTIFY EPA COLLECTIVE ACTION**

I.   INTRODUCTION

Plaintiffs, Dr. Sajida Ahad, Dr. Jan Rakinic, Dr. Erica Rotondo, and Dr. Christina Vassileva, collectively "Plaintiffs," as to their claims against defendants Board of Trustees of Southern Illinois University ("SIU") and SIU Physicians & Surgeons, Inc. (collectively, "Defendants") respectfully request: (1) a settlement conference per Local Rule ("LR") 16.1; and (2) an extension of the deadline for Plaintiffs' response to Defendants' Equal Pay Act ("EPA") decertification motion until 21 days after any settlement conference date established or, alternatively, 21 days after the Court's decision denying Plaintiffs' request for a settlement conference.

As explained below, the Court has authority and discretion under applicable rules to grant Plaintiffs' motions. The motions should be granted to allow all interested parties their first opportunity to meaningfully engage in settlement communications under the oversight of a

1

Magistrate Judge in order to determine whether the parties can reach a resolution that could resolve three lawsuits on this Court's docket.

During the parties' four years of litigation, Plaintiffs' counsel made numerous settlement inquiries and offers to Defendants but, with one exception, Defendants repeatedly failed to respond or engage in settlement discussions. During that time, the parties' dispute has expanded and spawned two additional suits before this Court:

>   (1) <u>CD IL No. 18-CV-1092</u>: SIU's appeal of Department of Labor (DOL) decisions awarding Dr. Ahad $223,884.27 in unpaid wages, per DOL's findings she was underpaid compared to other physicians in the same position with substantially similar duties (virtually all of whom were men); and

>   (2) <u>CD IL No. 17-CV-03139</u>:  a declaratory judgment suit by Allied World Specialty Insurance Company ("Allied") against defendant SIU Physicians & Surgeons, Inc., alleging Allied was not timely notified of claims in this lawsuit and, therefore, does not have to provide insurance coverage for them.[1]

Substantial work remains in SIU's case against the DOL (which is at an early stage, with no substantive briefing yet scheduled), and in Allied's declaratory judgment action (which has motions to stay and for summary judgment pending, with significant work and proceedings remaining on those motions). Work in that collateral litigation is separate from the continued litigation in *this* matter, in which merits discovery has not yet begun. Future proceedings in this

---

[1]   Defendants' counsel explained claims in this lawsuit are covered by a separate policy, National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy Number 16470269, with a liability limit of $7.5 million, and that this insurer (in contrast to Allied) has not identified any basis to deny coverage in the event of a judgment in this lawsuit.

case alone like will involve significant volume of proceedings (*e.g.*, merits discovery, dispositive motion proceedings, trial, *etc.*) that must be scheduled regardless of how the Court decides pending certification-related motions.

The Court should afford the interested parties here (*i.e.*, Plaintiffs and the SIU-entity Defendants, insurers and potential insurers) a meaningful opportunity to discuss settlement *now*, before they must proceed with further litigation proceedings which will be voluminous and costly. Based on the circumstances and authority described below, the Court should grant Plaintiffs' motions and order a settlement conference occur, along with the requested extension for Plaintiffs' response to the pending motion to decertify.  This relief would allow the parties the opportunity and time they need to make a serious attempt at settlement that is likely (at least far likelier than prior attempts) to result in a reasonable settlement or at least a meaningful settlement dialogue.

II.     **PERTINENT SETTLEMENT HISTORY**

Defendants refused Dr. Ahad's May 2014 invitation to discuss potential resolution, resulting in Dr. Ahad's June 19, 2014 DOL complaint asserting SIU's H-1B-wage law violations and her July 28, 2014 Equal Employment Opportunity Commission ("EEOC") charge alleging systemic gender discrimination in compensation.

Before this lawsuit and while the DOL case was in pre-hearing discovery, Defendants again refused Dr. Ahad's attempts to discuss a global resolution.  Between September and October 2015, Dr. Ahad's counsel tried to facilitate settlement discussion several times prior to expiration of her right to sue period under Title VII, including by sending SIU's counsel draft pleadings for this lawsuit.  On October 27, 2015, only days before Dr. Ahad's federal lawsuit filing deadline, Defendants' former counsel finally participated in a settlement call, but made a five-figure,

3

nuisance-value settlement offer. Dr. Ahad rejected the offer, noting that the very low value and timing circumvented any chance for meaningful pre-filing negotiations. Thus, Dr. Ahad filed this lawsuit on October 27, 2015 (CD IL No. 15-cv-03308). *See* Dkt. 1.

On April 13, 2016, DOL issued a decision awarding Dr. Ahad $223,884.27 in unpaid wages, plus interest. On April 28, 2016, Dr. Ahad's counsel provided SIU's counsel a global settlement offer, which included financial and non-financial terms. Instead of making a counteroffer or engaging in settlement discussion, SIU appealed the DOL decision to DOL's appellate body, the Administrative Review Board ("ARB").

About a year later, after extensive discovery in this lawsuit, on March 29, 2017, Dr. Ahad's counsel sent SIU's counsel another written settlement offer. SIU did not respond, except through counsel's statement SIU was not interested in discussing resolution.

### III.   ARGUMENT

#### A. This Court Should Order A Settlement Conference Per Rule 16 And LR 16.1.

Courts enjoy broad authority to manage proceedings before them, including by ordering settlement conferences. *See* Fed. R. Civ. P. 16(a)(1)(5) (authorizing courts to order attorneys to appear for pretrial conferences for purposes that include "facilitating settlement"); *see also* Fed. R. Civ. P. 1 (explaining rules should be "employed by the court and the parties to secure the just, speed, and inexpensive determination of every action and proceeding").

Pursuant to LR 16.1(B) ("Settlement Conference"), "[t]he presiding judge may order the parties to submit to settlement conferences at any time if it appears that a case may be resolved by settlement." Here, the case may be resolved by settlement and doing so could avoid substantial, protracted litigation in multiple lawsuits.

Since Plaintiffs' last formal settlement overture, the parties' litigation has expanded considerably in three ways:

(1) On June 9, 2017, Allied filed its federal complaint seeking declaratory judgment against SIU Physicians & Surgeons, Inc. *See* CD IL Case No. 17-CV-3139, Dkt. 1.

(2) The Court granted conditional certification for the EPA collective action claims, resulting in 3 opt-in Plaintiffs joining this lawsuit. *See* Dkts. 33, 38, 53, 66 and 67.

(3) Defendant SIU lost its DOL appeal, per ARB's January 29, 2018 decision and order affirming the award and SIU appealed *again*, filing its February 28, 2018 lawsuit in this Court (CD IL No. 18-CV-1092).

All these cases have substantial proceedings to be completed in the future. The DOL appeal case is in an early stage, but SIU presumably intends to engage in extensive and costly proceedings (e.g. briefing, etc.). In that appeal, SIU will (again) be challenging DOL's application of its own rules to findings of fact made after a contested hearing. In the Allied litigation, a motion for summary judgment is pending, as is a motion by Dr. Ahad and other physician-defendants to stay any dispositive decision until a time after substantive decisions on similar factual and legal issues have occurred in this lawsuit (*i.e.*, after the Court's decisions regarding Rule 23 certification and after trial).

In this lawsuit, Dr. Ahad's motion seeking Rule 23 certification is fully briefed, and SIU's EPA decertification motion is partially briefed. Discovery on the merits of Plaintiffs' claims has not yet begun. The parties have expended significant time and resources on the matter, including extensive attorneys' and expert witness fees and costs. But there is as much or more work remaining as has been done.

Regardless of the certification motions' outcomes, the parties will move on to a substantive phase of discovery on some or all Plaintiffs' claims.  For Dr. Ahad, those claims will include individual discrimination claims regardless of whether class certification is granted under Rule 23.  After merits discovery on those claims, the parties will likely engage in summary judgment motion practice and, eventually, a trial (or trials) on the merits on any remining claims.

Given the significant litigation proceedings the parties and this Court face in this matter and the collateral litigation initiated by SIU and its insurer Allied, Plaintiffs believe a settlement conference at this time (as compared to later, or never) would make the most practical and logistical sense for all involved.

In general, settlement talks overseen by mediators generally have a better chance of reaching a settlement than do private discussions between litigants.  As Rule 16 and LR 16.1 envision, the presence of a "a judge" (albeit one "who will not preside at the trial of the case") to mediate the settlement conference would provide the parties involved with an objective and independent person to oversee and facilitate settlement communications, give the parties feedback that (while not binding) could meaningfully affect their perceived views of case strengths, weaknesses, valuations, etc.

This lawsuit certainly "may be resolved by settlement," making a settlement conference appropriate under Local Rule 16.1.  The lawsuit involves claims and damages issues that have been litigated for years, with a substantial record developed as to all parties' positions.  Thus, the parties— and related interested parties, like insurers — have information from which they can assess potential damages, litigation expenses, risks/exposure, and estimated costs for future proceedings scheduled, etc.  Accordingly, Plaintiffs request that the Court order a settlement

conference pursuant to Rule 16 and LR 16.1.

As required by Local Rule 6.1, prior to filing this motion, on June 29, 2018, Dr. Ahad's counsel emailed counsel for SIU and the other interested parties and inquired if they would be interested in engaging in a settlement conference. Defendants and the interested party insurer Allied did not respond or did not indicate their position on Plaintiffs' request by July 3 as Plaintiffs' counsel requested and have not done so to date.

### B. The Court Can And Should Extend Time For Plaintiffs To Oppose Defendants' Motion for Decertification Until After Any Settlement Conference Or Ruling.

Plaintiffs' motion for a brief extension of the decertification briefing schedule is allowed per LR 6.1, as the motion for extension has been filed "before the original deadline", and the motion (as detailed herein) "state[s] the amount of additional time requested."

Under the circumstances, as detailed herein, Plaintiffs submit that the requested extension—which would set their response deadline to a date 21 days after the settlement conference or, alternatively, 21 days after any Court decision denying Plaintiffs' motion requesting a settlement conference – would be fair, reasonable, and non-prejudicial for all parties involved. It would allow the parties a meaningful opportunity to attempt and achieve settlement without expending additional time and resources on litigation and without substantially delaying the proceedings.

As required by Local Rule 6.1, on June 29, Plaintiffs asked (per the last requirement of this LR 6.1) "opposing counsel [if they] object[] to the motion;" opposing counsel did not respond by July 3 as requested and have not responded to date.

### IV. CONCLUSION

For the reasons above, the Court should grant Plaintiffs' motion for a settlement conference and their motion for an extension of their deadline to file a response to Defendants' motion for EPA decertification until 21 days after any settlement conference or, alternatively, 21 days after any Court decision denying Plaintiffs' request for a settlement conference.

Respectfully submitted this 6th day of July, 2018.

/s/ J. Bryan Wood
Counsel for Plaintiffs

J. Bryan Wood (No. 6270845)
**The Wood Law Office, LLC**
303 West Madison, Ste. 2650
Chicago, Illinois 60606
Telephone: (312) 554-8600
Facsimile: (312) 577-0749
bryan@jbryanwoodlaw.com

Michael F. Brown (WI Bar No. 1041753)
**DVG Law Partner LLC**
P.O. Box 645
Neenah, WI 54957
Telephone: (920) 757-2488
Facsimile: (920) 273-6177
mbrown@dvglawpartner.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the forgoing memorandum complies with the type-volume limitation in Local Rule 7.1(B)(4)(b)(1) as it does not exceed fifteen (15) double-spaced pages.

/s/ J. Bryan Wood

## CERTIFICATE OF SERVICE

On July 6, 2018, the undersigned served the motion for stay and documentation attached thereto on all counsel of record by filing it via the Court's electronic case filing system.

/s/ J. Bryan Wood