IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| SAJIDA AHAD, MD, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Cause No. 15-cv-03308 |
| BOARD OF TRUSTEES OF ) SOUTHERN ILLINOIS UNIVERSITY ) SIU PHYSICIANS & SURGEONS, INC., ) d/b/a SIU HEALTHCARE ) ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SETTLEMENT CONFERENCE AND EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DECERTIFY EPA COLLECTIVE ACTION**

NOW COME Defendants, Board of Trustees of Southern Illinois University and SIU Physicians & Surgeons, Inc., by their attorneys, HeplerBroom, LLC, and for their Response to Plaintiffs' Motion for Settlement Conference and Extension of Time to Respond to Defendants' Motion to Decertify EPA Collection Active, state as follows:

**Introduction**

1.  Plaintiffs move this Court to compel a settlement conference pursuant to Local Rule 16.1 as well as request an extension of time to respond to the Defendants' Equal Pay Act ("EPA") decertification motion. In furtherance of this motion, Plaintiffs argue that a court-mandated settlement conference will "allow all interested parties their first

1

opportunity to meaningfully engage in settlement communications under the oversight of a Magistrate Judge in order to determine whether the parties can reach a resolution that could resolve three lawsuits on this Court's docket." Brief in Support of Plaintiffs' Motion for Settlement Conference and Extension of Time to Respond to Defendants' Motion to Decertify EPA Collective Action (Plaintiffs' Brief), p. 1-2. Plaintiffs' Brief includes a section titled, "Pertinent Settlement History," wherein they argue that Defendants have refused to engage in settlement negotiations despite the repeated attempts by Plaintiffs' counsel to do so. Plaintiffs are indignant in their argument that the Court must now intervene because Defendants failed to offer money to settle the case at various points in time.[1] Plaintiffs actually seem to imply that Defendants are required to offer a financial settlement simply because Plaintiffs have filed a lawsuit and made reckless allegations, which Defendants strongly deny. Throughout these proceedings, Defendants have denied all wrongdoing with respect to compensation decisions.

2.   Aside from the issue of settlement, Defendants oppose an extension to Plaintiffs' time to respond to the EPA decertification motion as Plaintiffs set forth no good cause for the requested extension and because this extension is unfair to the Defendants. Defendants also ask the Court to delay any ruling on compelling a settlement conference until the decertification briefing is complete and until the Defendants have had a chance to

---

[1] For example, Plaintiffs assert, "About a year later… Dr. Ahad's counsel sent SIU's counsel another written settlement offer. SIU did not respond, except through counsel's statement SIU was not interested in discussing resolution." Plaintiff's Brief, p. 4. In reality, SIU *did* respond - by informing Plaintiff's counsel of its disinterest in a monetary settlement on a class basis. This is an entirely fair response to a settlement demand, despite Plaintiffs' unhappiness with the Defendants' position.

2

meaningfully discuss with all necessary stakeholders whether a settlement conference would be helpful.

### Argument in Opposition to Extension of EPA Decertification Briefing

3.   Plaintiffs have not set forth good cause for extending their time to respond to the Defendants' Motion for EPA Decertification and this request should be denied outright and decided separately from any request for a settlement conference, as the two are not genuinely related.

4.   Plaintiffs frame their request for an extension of their time to respond to the Motion to Decertify through the guise of exploring a potential settlement. However, this "settlement" reason lacks good cause and is disingenuous. Instead, it appears Plaintiffs are trying to gain additional time to respond to the Motion for Decertification or otherwise delay these proceedings. Plaintiffs agreed to the current briefing schedule as recently as May 2018 and obtained as part of that agreed briefing schedule==without objection==five weeks to respond to the Motion for Decertification, significantly longer than the time permitted by local rule. Nothing has changed since the Plaintiffs agreed to the briefing schedule except Defendants have spent money deposing the opt-in Plaintiffs and preparing their decertification motion. The extension for decertification briefing should be denied.

5.   Moreover, a settlement conference while the briefing for the Motion for Decertification is pending would be fruitless and counterproductive as the Defendants are

waiting for the Plaintiffs to actually set forth their reasons for continuing this case as a collective action. It is Plaintiffs' burden to show the Court that this matter should proceed as a collective action and Defendants will not be extorted into a settlement just because a potential collective action is pending when Plaintiffs have not even identified the basis for proceeding as a collective action. At this point, Defendants have briefed this issue and set forth the reasons why it makes no sense for this action to proceed as a collective action and, Plaintiffs should not be excused from responding in advance of any possible settlement conference.

6. Finally, an extension of Plaintiffs' time to respond to the Decertification Motion for the purpose of settlement would be entirely unfair and unjust to the Defendants. The extension is unjust, as the Defendants could have avoided spending many hours and incurring fees conducting discovery of the opt-in plaintiffs and drafting their Motion for Decertification when Plaintiffs could have raised this settlement conference as far back as October 2017 or, at the very minimum, in May 2018. Plaintiffs' timing is incredible and suspect in that they now want to pursue a settlement conference when they could have filed this motion prior to the beginning of the discovery of the opt-in Plaintiffs, but instead allowed Defendants to go to great expense in preparing for the Decertification Motion. Plaintiffs' motion for extension should be denied.

7. For the above reasons, Defendants ask this Court to deny the Plaintiffs' request for an extension to respond to the Motion for EPA Decertification while also

4

bifurcating that extension request from any request for a settlement conference, as the two are not related. Plaintiffs have not set forth any good cause to extend their time for responding to the EPA Decertification Motion and that request has no connection with any proposed settlement conference.

### Defendants' Position as to a Settlement Conference at this Time

8.  Defendants agree that the Court has authority under Local Rule 16.1 to order a settlement conference, if it appears that a case may be resolved by settlement. However, this Court should not order a settlement conference unless both parties wish to participate. Federal courts have recognized that settlement conferences or mediations should not be scheduled unless both parties want to participate, as they are otherwise likely to be unproductive. *See In re African-Am. Slave Descendants' Litig.*, 272 F. Supp. 2d 755, 760 (N.D. Ill. 2003) (The court noted that it could order non-binding mediation, but since the parties had different viewpoints on liability and one of the parties did not want to participate, it would not have been an efficient use of time and money.) *See also Lloyd v. Cessna Aircraft Co.*, 74 F.R.D. 518, 523 (E.D. Tenn. 1977) (the court noted that litigants will be able to conduct settlement conferences themselves and the court need not order such a remedy.) This Court should not order a settlement conference in this matter unless all parties agree to participate as otherwise there is no reasonable basis to believe a settlement would result.

9. Plaintiffs' motion is premature, as Defendants have not even had time to discuss this settlement conference request with all of the necessary stakeholders. Plaintiffs' attorneys sent via email at approximately 3:30 p.m. on Friday, June 30, 2018, a request to conduct a settlement conference. The email demanded a response by July 3, 2018. Plaintiffs' attorneys' demand for a response within two business days is insincere on its face and even more so given that it was expected to be made during a holiday week. Plaintiffs' attorneys could not have actually expected a response in that time. Moreover, Plaintiffs' attorneys knew that Defendants would need time to discuss this proposal as pointed out by them in their own motion when they proposed a settlement conference that would include multiple parties, some of whom have conflicting interests that would need to be discussed before agreeing to any settlement conference. In any event, even if those conflicts could be resolved, any settlement framework by the Defendants would also require multiple procedural steps, given that Southern Illinois University is a public entity governed by a Board of Trustees that needs to provide input for settlement. A "typical" case can take many weeks to obtain consent from the Board to discuss a settlement, limits of authority, and conditions, leaving aside the potential issues involved with insurers.

10. Relatedly, even if this motion for a settlement conference wasn't premature, it should still nonetheless be delayed, as it will not save substantial costs as Plaintiffs misstate the amount of briefing and merits discovery that still needs to take place. The only briefing that needs to take place is for Plaintiffs to respond to the Motion for

6

Decertification. After that, Defendants need only draft a Reply to complete the Collective Action briefing. At that point, Class/Collective Action briefing will be complete and ready for a possible hearing and the Court's ruling. Concerning discovery, Defendants have already conducted a great deal of merits-based discovery with thousands of documents exchanged and depositions of all the opt-in Plaintiffs and named Plaintiff.

11. Defendants have declined to engage in class action settlement discussions given the Plaintiffs' exorbitant settlement proposals and because Defendants do not believe there are merits to Plaintiffs' class and collective action allegations. Plaintiffs' reckless allegations for class and collective actions, and accompanying and unreasonable demands for settlement, do not require a high dollar counteroffer. Defendants will not be coerced into offering Plaintiffs' counsel a high value settlement due to claims of class liability or because Plaintiffs' attorneys want to get paid millions in fees. These are two dangers the Seventh Circuit has recognized as potential abuses of the class action process. *See Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 744-46 (7th Cir. 2008). Remarkably, since Defendants refused to participate, Plaintiffs now attempt to have the Court condone and coerce such a settlement.

12. Once the Defendants have had a reasonable opportunity to discuss internally whether there would be any potential benefit to a settlement conference with the Magistrate Judge, Plaintiffs respond to the pending Motion for Decertification as they agreed, and Defendants can discuss the issue of a settlement conference with their

insurance carriers, they will be in a position to advise the Court if a settlement conference with the Magistrate Judge's assistance may be helpful.  Only once Defendants, their Boards, and their insurers have had a reasonable time to discuss Plaintiffs' request would a settlement conference potentially make sense in this case. Otherwise, a compelled settlement conference now would be unproductive, inefficient, unfair, and result in an unwarranted delay.

WHEREFORE, Defendants respectfully request that Plaintiffs' Motion For Settlement Conference and Extension of Time to Respond to Defendants' Motion to Decertify EPA Collection Active be denied in regard to the extension for answering the Motion for Decertification and delayed until after the Decertification briefing and after Defendants have had time to discuss this issue and for such other and further relief as the Court deems proper.

Respectfully Submitted,

Board of Trustees of Southern Illinois University and SIU Physicians & Surgeons, Inc., d/b/a SIU Healthcare, Defendants

By:  /s/ *Thomas H. Wilson*

Thomas H. Wilson, #6202141
Jessica L. Galanos, #6297491
HeplerBroom, LLC
4340 Acer Grove Drive
Springfield, IL 62711
Ph:     217-528-3674
Fax:    217-528-3964
thw@heplerbroom.com
jlg@heplerbroom.com

**PROOF OF SERVICE**

I hereby certify that on this 10th day of July, 2018, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

Michael F. Brown
DVG LAW PARTNER LLC
P.O. Box 645
Neenah, WI 54957
Email: mbrown@dvglawpartner.com
*Attorney for the Plaintiff*

J. Bryan Wood
THE WOOD LAW OFFICE, LLC
303 W. Madison St.
Suite 2650
Chicago, IL 60606
E-mail: bryan@jbryanwoodlaw.com
*Attorney for the Plaintiff*

/s/Thomas H. Wilson