E-FILED
Thursday, 12 July, 2018 12:42:16 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| SAJIDA AHAD, MD, et al and all others similarly situated | ) ) |
| Plaintiffs, | ) |
| v. | ) ) No.   15-cv-03308-SEM-TSH |
| BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY and SIU PHYSICIANS & SURGEONS, INC., | ) ) ) ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTIONS FOR SETTLEMENT CONFERENCE AND EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DECERTIFY EPA COLLECTIVE ACTION**

Plaintiffs, Dr. Sajida Ahad, Dr. Jan Rakinic, Dr. Erica Rotondo and Dr. Christina Vassileva ("Plaintiffs"), on their motions for a settlement conference and extension of their decertification response, reply to the Response (Dkt. 91) of defendants Board of Trustees of Southern Illinois University and SIU Physicians & Surgeons, Inc. ("Defendants" or "SIU") as follows.

**ARGUMENT**

While Plaintiffs strongly dispute some statements in Defendants' Response, they reply solely to acknowledge certain concerns Defendants express in their Response (pp. 7-8) and to propose alternative relief that accommodates them.   Defendants' response states:

> Once the Defendants have had a reasonable opportunity to discuss internally whether there would be any potential benefit to a settlement conference …, Plaintiffs respond to the pending Motion for Decertification …, and Defendants can discuss the issue of a settlement conference with their insurance carriers, they will be in a position to advise the Court if a settlement conference …may be helpful. Only once Defendants, their Boards, and … insurers have had a reasonable time to discuss Plaintiffs' request would a settlement conference potentially make sense[.]

1

Given Defendants' desire to review Plaintiffs' response to the decertification motion, and request for more time for stakeholders to confer before attending a settlement conference, Plaintiffs are willing to compromise.[1]  Accordingly, Plaintiffs propose the following alternative relief:

(1) that the Court order a settlement conference be conducted, no earlier than August 31, 2018, with all necessary and interested parties required to attend in person or by phone; and

(2) that Plaintiffs' decertification response deadline be extended at least until August 3, 2018 (a 14-day extension, with commensurate adjustment to any reply Defendants intend to submit).

Defendants state (p. 6) their settlement conference attendees would necessarily include "multiple parties, some of whom have conflicting interests that would need to be discussed before agreeing to any settlement conference."  Plaintiffs understand how "conflicting interests" among Defendants' stakeholders present challenges.  But that fact weighs in favor of the Court ordering a settlement conference, so Defendants can resolve those internal conflicts with the benefit of the Magistrate Judge's assistance.

*For over four years*, Plaintiffs have made settlement-overtures to Defendants, with several involving simple yes/no questions about whether Defendants were willing to discuss settlement.  Defendants reacted with long delays, and either declined the requests or did not respond.  Absent an order scheduling a settlement conference, Plaintiffs have no reason to

---

[1] Plaintiffs may misunderstand Defendants' position, as Defendants inconsistently state (pp. 3, 6) that: (i) "Defendants have not … [yet] discuss[ed] this settlement conference request with all of the necessary stakeholders"; (ii) that Defendants would need to "to obtain consent" from these stakeholders (*e.g.* Board of Trustees, etc.) before making a decision whether to participate in a settlement conference; but (iii) SIU's counsel nonetheless believes a settlement conference now would be "fruitless and counterproductive."

2

expect the current yes/no settlement conference request will fare any better than prior requests that went unanswered.[2]

Requiring interested parties to attend a settlement conference increases the likelihood of settlement, but should be very helpful for all involved even if no settlement is reached. By ordering the conference, the Court can assure itself and the parties that all key constituents (i.e., Plaintiffs and Defendants' "stakeholders" or "insurers") understand their opponents' views and obtain the Magistrate Judge's independent feedback on the parties' likelihood of maintaining certification of the conditionally certified Equal Pay Act claims, obtaining Rule 23 certification of some or all claims, vacating the DOL's wage judgments/$223,884.27 award, and/or prevailing on any individual Plaintiffs' claims. The Court can also assure itself that the Court's time and resources will in fact be necessary to decide the many issues the parties' three lawsuits present. Accordingly, the Court should order all interested parties to attend a settlement conference.

With respect to the extension to respond to Defendants' motion for decertification, Plaintiffs do not wish to unduly delay proceedings. Rather, Plaintiffs merely seek the time necessary to address the issues Defendants' motion presents on behalf of their clients. Accordingly, given Defendants' desire to review Plaintiffs' opposition to their decertification motion in advance of any settlement conference, as balanced against Plaintiffs' need for additional time to complete their response, Plaintiffs request at least an additional 14 days (until August 3) to respond to Defendants' decertification motion and request that Defendants' deadline for any reply they wish to submit be adjusted accordingly.

---

[2] Plaintiffs mistakenly identified Defendants' lone settlement offer as a "five-figure nuisance value settlement offer" in their initial brief (Dkt. 90, pp. 3-4); Defendants' lone offer was $5,000.

Respectfully submitted this 12th day of July, 2018.

                                                /s/ J. Bryan Wood
                                                One of Plaintiffs' Attorneys

J. Bryan Wood (No. 6270845)
Ryan O. Estes
**The Wood Law Office, LLC**
303 West Madison, Ste. 2650
Chicago, Illinois 60606
Telephone: (312) 554-8600
Facsimile: (312) 577-0749
bryan@jbryanwoodlaw.com

Michael F. Brown (WI Bar No. 1041753)
**DVG Law Partner LLC**
P.O. Box 645
Neenah, WI 54957
Telephone: (920) 757-2488
Facsimile: (920) 273-6177
mbrown@dvglawpartner.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the forgoing memorandum complies with the type-volume limitation in Local Rule 7.1(B)(4)(b)(1) as it does not exceed fifteen (15) double-spaced pages.

                                                /s/ J. Bryan Wood

## CERTIFICATE OF SERVICE

On July 12, 2018, the undersigned served the motion for leave and documentation attached thereto on all counsel of record by filing it via the Court's electronic case filing system.

                                                /s/ J. Bryan Wood