E-FILED
Friday, 14 September, 2018  02:57:22 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD, ILLINOIS

| | | |
|---|---|---|
| SAJIDA AHAD, MD, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 15-cv-03308 |
| BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY SIU PHYSICIANS & SURGEONS, INC., d/b/a SIU HEALTHCARE | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR SETTLEMENT CONFERENCE

NOW COMES Defendants, Board of Trustees of Southern Illinois University and SIU Physicians & Surgeons, Inc. by and through their attorneys, HeplerBroom, LLC, and for their response to Plaintiffs' Renewed Motion for Settlement Conference, state as follows:

1.    On September 4, 2018, Plaintiffs filed a Renewed Motion for Settlement Conference ("Renewed Motion") seeking a settlement conference before Magistrate Judge Schanzle-Haskins.

2.    In response to the Renewed Motion, Defendants incorporate their response to Plaintiffs' Motion for Settlement Conference ("Original Motion"), filed July 10, 2018, (d/e #91) specifically the authority set forth therein that settlement conferences should not

be scheduled unless both parties wish to participate as otherwise they are likely to be unproductive.

3.     On August 24, 2018, defense counsel communicated Defendants' position regarding a potential settlement conference to Plaintiffs' counsel. In the Renewed Motion, Plaintiffs do not directly address Defendants' position. Defendants advised Plaintiffs as follows:

> With regard to a settlement conference, Defendants would agree to jointly request Magistrate Judge Schanzle-Haskins to conduct a conference subject to the following:
>
> a.     Defendants will not entertain any discussion of a settlement on a class or collective basis. We will only discuss the claims of the four plaintiffs, and Dr. Ahad's claim would include the DOL claim as well as the pending employment claims.
>
> b.     The Plaintiffs must agree to participate in person.
>
> c.     With regard to Dr. Rotondo, she is in breach of her settlement agreement and SIU will not pay her any amount.

4.     With regard to Defendants' first point (class/individual resolution), as Defendants set forth in their response to the Original Motion, the fact that Plaintiff and her counsel have chosen to make allegations of class claims does not require Defendants to offer any settlement on that basis. Plaintiffs' previous demand for settlement on that basis was rejected and Defendants' position remains the same. Moreover, in light of the court's denial of Class Certification on September 12, 2018, the Defendants definitively

reject any discussions on a class basis. Thus, if the Plaintiffs insist on seeking settlement on a class or collective basis, a settlement conference would be futile.

5.     Further, Defendants advised Plaintiffs that they would agree to a settlement conference if the plaintiffs participated in person. Plaintiffs cite the fact that three of the five Plaintiffs who have chosen to bring or join this suit reside out of state. However, each of those Plaintiffs have chosen to participate in a lawsuit in the Central District of Illinois. Nevertheless, apparently, now do not want to travel to attend a settlement conference that their own counsel has twice requested. If a settlement conference is to have any reasonable opportunity of success, the individual plaintiffs must have a sufficient interest that they are willing to attend in person.

6.     Finally, one of the five[1] plaintiffs, Dr. Erica Rotondo who practices in California, left SIU with a negotiated settlement agreement in lieu of what likely may have been a discharge based upon her individual conduct. Dr. Rotondo's choice to opt into this lawsuit is a breach of her previous settlement agreement, giving rise to a claim by SIU against her. Dr. Rotondo will not be offered any settlement as she is currently in breach of her original settlement agreement.

---

[1] One of the five plaintiffs, Dr. Carol Bauer, opted in on August 31, 2018.  Defendants believe that her opt in—coming 10 months after notice and after all discovery and briefing related to Defendants' motion to de-certify the collective action was completed—is substantially late and prejudicial to Defendants.  Thus, Defendants intend to challenge her ability to opt-in at this late date.  However, if the Court after considering Defendants' position orders a settlement conference, as a practical matter she should be required to participate as well, given the issue before the Court on the pending motion to de-certify is whether she could join this action or is required to file her own action and, thus, Defendants would not object to her participation, without waiving their objection to her opt-in.

7.     Plaintiffs counsel characterizes Defendants' three points as "pre-conditions" to a settlement conference. No matter what you call them, they are the parameters under which Defendants' believe there is any potential benefit to the Court convening a settlement conference.  Thus, it is important that the Court be aware of Defendants' position before committing the time and the resources to a settlement conference.

8.     Assuming that the Plaintiffs agree to the parameters of a settlement conference, such a conference should be scheduled at a time that all of the required participants could participate in person. In addition to the Plaintiffs, representatives of the two Defendants in this lawsuit, and SIU's insurance carrier (AIG), and an appropriate representative from SIU Physicians & Surgeons, Inc.'s carrier, Allied World Specialty Insurance Company, would have to participate. That company is currently engaged in a declaratory judgment with SIU Physicians and Surgeons, Inc., which is represented by separate counsel (Case No. 17-cv-3139).

Respectfully Submitted,

Board of Trustees of Southern Illinois University
and SIU Physicians & Surgeons, Inc., d/b/a SIU
Healthcare, Defendants


By: _/s/ Thomas H. Wilson_____

Thomas H. Wilson, #6202141
HeplerBroom, LLC
4340 Acer Grove Drive
Springfield, IL 62711
Ph:     217-528-3674
Fax:    217-528-3964
thw@heplerbroom.com

## PROOF OF SERVICE

I hereby certify that on this 14th day of September, 2018, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

Michael F. Brown
DVG LAW PARTNER LLC
P.O. Box 645
Neenah, WI 54957
Email: mbrown@dvglawpartner.com
*Attorney for the Plaintiff*

J. Bryan Wood
THE WOOD LAW OFFICE, LLC
303 W. Madison St.
Suite 2650
Chicago, IL 60606
E-mail: bryan@jbryanwoodlaw.com
*Attorney for the Plaintiff*

*/s/ Thomas H. Wilson*