E-FILED
Thursday, 01 November, 2018 04:44:35 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| SAJIDA AHAD, MD, et al.,<br><br>Plaintiffs,<br>v.<br><br>BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY and SIU PHYSICIANS & SURGEONS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 15-cv-03308-SEM-TSH |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OPT-IN PLAINTIFF BAUER**

Dr. Sajida Ahad, Dr. Jan Rakinic, Dr. Erica Rotondo, Dr. Christina Vassileva, and Dr. Carol Bauer (collectively, "Plaintiffs"), by and through their attorneys, oppose Defendants' motion to dismiss opt-in Plaintiff Dr. Carol Bauer as follows:

## INTRODUCTION

Defendants' Motion to Dismiss Opt-In Plaintiff Dr. Carol Bauer asks the Court to create more work for itself and the parties. Dismissing Dr. Bauer and forcing her to file her own lawsuit to prosecute her rights would force the parties to deal with the same issues, facts, evidence, and witnesses in two lawsuits instead of one. For these reasons and others specified below, Defendants' motion to dismiss Dr. Bauer should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court granted Plaintiff's Motion for Conditional Collective Action Certification and Judicial Notice on September 20, 2017 (Dkt. 53) and authorized Plaintiff's counsel to send the notice attached as Exhibit A to Plaintiff's Motion for Conditional Collective Action Certification and Judicial Notice. The notice the Court approved and authorized (Dkt. 32-1) did not include a

deadline by which a potential plaintiff must send in their consent form; the notice only indicated that a potential plaintiff may not be able to recover all the wages owed if they do not send the consent form to Plaintiffs' counsel within 60 days. *Id*.

At no point since the Court authorized notice to be sent did Defendants request that the Court implement a deadline for opting in. In fact, when Defendants' counsel approached Plaintiffs' counsel about implementing a deadline in conjunction with other scheduling issues, Plaintiffs' counsel opposed implementing a deadline for collective action member to opt-in without corrective notice being issued to members. Plaintiffs' counsel did so because Plaintiffs' counsel was aware of physicians who had contemplated joining the collective but were fearful of retaliation if they chose to do so. Ultimately, Defendants never sought to impose a deadline for Plaintiffs to join the collective.

Dr. Bauer filed her Plaintiff Consent Form on August 31, 2018. (Dkt. 99). Defendants filed this motion shortly after.

## ARGUMENT

### I. Dr. Bauer did not fail to meet any Court ordered deadline.

The FLSA is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Mitchell v. Lublin, McGaughy & Assocs*., 358 U.S. 207, 211 (1959). Section 216(b) of the FLSA allows a plaintiff to bring a representative action on behalf of similarly situated employees who can consent to join the lawsuit in writing, but this provision specifies no time limitation for opting into the lawsuit. *Monroe v. United Air Lines, Inc.* 94 F.R.D 304, 305 (N.D. Ill. 1982) (allowing opt-in plaintiffs even after the court-imposed deadline had passed).

"A generous reading, in favor of those whom [C]ongress intended to benefit from the law,

is also appropriate when considering issues of time limits and deadlines." *Russell v. Illinois Bell Telephone Co.*, 2009 U.S. Dist. LEXIS 131170, at *3 (N.D. Ill. June 17, 2009) *citing to Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir. 1992).

Both parties agree that the FLSA does not impose a deadline for potential plaintiffs to opt into a collective action. (*See* Dkt. 106-1, p. 5).

Here, the notice approved by the Court encouraged (but did not require) physicians to opt into the lawsuit within sixty days. (Dkt. 32-1, p. 4 – "The Consent Form must be sent to Plaintiff's Counsel as soon as possible if you want to join. If you do not respond within 60 days, you may not be able to recover all of the wages you may be owed"). Indeed, the language in the notice implies that joining at any time is permissible; the consequence of attempting to join later will be the loss of potential damages (as explained in other briefing, tolling available to claims asserted under Rule 23 is not applicable to claims under the Equal Pay Act).

As Defendants concede (at Dkt. 106-1 p. 3 n. 1 and p. 8), the Court did not and has not imposed a time-limit within which any physicians who received notice must join this lawsuit. That concession undermines the bulk of Defendants' arguments, which are based on cases were a Court-ordered deadline existed.

Given that Dr. Bauer did not violate any Court-ordered deadline, Defendants' motion should be denied. Had Defendants wanted a deadline, they could have sought one. Imposing a deadline retroactively on Dr. Bauer (or other collective members), as Defendants effectively seek to do through dismissal, is inappropriate and unfair to collective action members – particularly in the absence of corrective notice to collective action members advising them of their rights.

**II. The factors applicable to cases where a deadline exists favor Plaintiffs.**

Even in cases were a deadline exists and an opt-in plaintiff sends in a consent form after the court-imposed deadline, the court can still allow the opt-in plaintiff to remain in the current action. *Russell.*, 2009 U.S. Dist. LEXIS 131170, at *4-5; *see also Monroe,* 94 F.R.D 304, 305; *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996) (allowing seven officers to opt into class even after summary judgment ruling had determined state's liability but before damages had been determined because there was no prejudice to defendant, class was small, and judicial economy, convenience to the parties, and the interest in reducing litigation expense would be served).

Defendants make arguments based on the 45-day period from *Blake v. Batmasian*, 208 F. Supp. 3d 1292 (S.D. Fla. 2016) and contend that the four factors from *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30 (N.D.NY. 2009) favor dismissal of Dr. Bauer's claims. But neither of those decisions have been cited to or relied upon in the Seventh Circuit or district courts in the Seventh Circuit.

In deciding whether to permit the tardy opt-in plaintiff to join in cases where a deadline was imposed, district courts in Illinois typically consider: (a) the reasons for the plaintiff's delay, (b) any prejudice to the defendant, and (c) judicial economy. *See Russell*, 2009 U.S. Dist. LEXIS 131170, at *3-4. Even if the Court considers Dr. Bauer a late opt-in plaintiff and analyzes the facts under the factors articulated in *Russell*, Defendants' motion should still be denied for the reasons described below. Those factors – factors applicable only when a deadline actually exists – do not favor Defendants.

**A. Dr. Bauer did not fail to meet a deadline, so no reason is necessary.**

Unlike in the *Russell* case, Dr. Bauer has not failed to comply with any court-imposed

deadline. Given the language of the notice, Dr. Bauer need not provide any reason for her delay. No deadline was imposed upon her, so no explanation for not meeting it is required.

Dr. Bauer explained the timing of her decision to join the collective action to counsel, but Plaintiffs' counsel has not been authorized to share that explanation. Without authorization, sharing her explanation would violate attorney-client privilege. At the Court's request Plaintiffs' counsel can seek authorization to share Dr. Bauer's reasoning with the Court *en camera*. Regardless of Dr. Bauer's reasons, Defendants' motion should be denied based on application of the other factors described in *Russell.*

**B. Keeping Dr. Bauer in this action promotes judicial economy.**

Dr. Bauer should be permitted to continue pursuing her claims with the other Opt-In Plaintiffs. Courts in the Seventh Circuit recognize that permitting untimely consents to remain in a pending lawsuit promotes judicial economy, is more convenient to the parties, and reduces litigation expenses. *See Schaefer-Larose v. Eli Lily & Co.*, 2008 U.S. Dist. LEXIS 102627, at *13-14 (S.D. Ind. Dec. 17, 2008) *citing to Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ("A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact…").

The court in *Schaefer-Larose* explained why dismissing late opt in plaintiffs and leaving them to file their own individual suits does not promote judicial economy. *Id. citing to Monroe* 94 F.R.D. 304, 305. The court reasoned that the "overlap in issues and evidence … would render consolidation of the individual suits with this action quite likely." *Id.*

Here, allowing Dr. Bauer to remain in this lawsuit will promote judicial economy because of the substantial overlap in issues and evidence between Dr. Bauer and the Opt-In Plaintiffs,

especially the Surgery Department Plaintiffs. The same documents, policies, agreements, rules, and witnesses would be involved in two lawsuits instead of one if Dr. Bauer is dismissed.

Just like the other Surgery Department Plaintiffs, Dr. Bauer works in Defendants' Department of Surgery (as Defendants concede in Dkt. 106-3). As explained in Plaintiffs' Response in Opposition to Defendants' Motion to Decertify Collective Action (Dkt. 93, pp. 5-9), all SIU Healthcare Members must be compensated according to a single compensation plan, and Defendants use a centralized process for determining compensation which is detailed in the Rule 23 memorandum. (Dkt. 58, pp. 4-9).

For the Surgery Department Plaintiffs and Dr. Bauer, the same decisionmakers were involved in determining their compensation. The Dean of SIU School of Medicine and SIU Healthcare, who was responsible for the administration of the Compensation Plan, approved the Surgery Department Chair's recommended compensation and adjustments thereto for all Surgery Department Plaintiffs' compensation, including Dr. Bauer's. (Dkt. 58, pp. 5, 8). Additionally, the Compensation Committee reviewed the Surgery Department Plaintiffs' and Dr. Bauer's compensation. (Dkt. 58, p. 8).

If the Court dismisses Dr. Bauer as untimely (or determines the Surgery Department Plaintiffs like Dr. Bauer are not similarly situated), dismissing Dr. Bauer from this lawsuit will force the parties to duplicate and repeat work unnecessarily.

Per the March 29, 2016 Text Order, the parties commenced discovery relating solely to class and collective action certification issues over Plaintiff's objections. As of the date of this filing, merits discovery has not been started for any of the other four opt-in Plaintiffs. As discussed in Plaintiffs' Memorandum in Support of the Motion for Class Certification (Dkt. 58, pp. 4-9) and in Plaintiffs' Response in Opposition to Defendants' Motion to Decertify Collective Action (Dkt.

93, pp. 5-9), the parties have only conducted discovery relating to Defendants' compensation policies and practices. The parties have not delved into how these policies and procedures were individually applied to each Opt-In plaintiff because Defendants insisted on this approach. Thus, no potential comparators or decisionmakers have been deposed.

Given that status, all Opt-In Plaintiffs' claims must proceed to merits discovery regarding their gender-based pay claims regardless of the Court's ruling on Defendants' motion for decertification of the collective action. Instead of the Chairs of the Department of Surgery being deposed once regarding all four Plaintiffs, the Chair would face multiple depositions potentially in separate lawsuits. Repeating this work serves no benefit to any party or the Court. That outcome does not promote judicial economy. This factor strongly favors denying Defendants' motion.

**C. Defendants are not prejudiced by Dr. Bauer's inclusion.**

Defendants claim they will suffer prejudice if Dr. Bauer is permitted to continue as part of this collective action, but any such prejudice would be self-imposed. Defendants appear bent on conducting discovery regarding whether Dr. Bauer – a Professor in the Department of Surgery – is similarly situated to the other Surgery Department Plaintiffs. But that is a choice Defendants are making – they could simply proceed to the merits of all Plaintiffs' claims given the factual overlap.

Considered against the backdrop of the additional work granting Defendants' motion would impose on the Court and the parties, Defendants' claims of prejudice ring hollow. Any prejudice they suffer from choosing to conduct additional discovery regarding decertification will be self-imposed. That self-imposed prejudice pales in comparison to the additional work the parties will face if Dr. Bauer is excluded from the current litigation.

The most efficient course of action would be to keep Dr. Bauer in this lawsuit instead of

forcing her to file a new complaint. For these reasons, Defendants' motion should be denied.

**III. If dismissed, Dr. Bauer's claims can and should be joined under Rule 20.**

Defendants focus extensively on standards courts use to evaluate whether to permit opt-in plaintiffs to join a collective action after a Court-imposed deadline. But a more appropriate standard for consideration is Fed. R. Civ. P. 20's permissive joinder standard.

If Defendants' motion is granted and Dr. Bauer needs to file her own lawsuit to pursue her rights, Dr. Bauer could seek to use permissive joinder to join this action. Rule 20 allows plaintiffs to join in one action if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Here, all Surgery Department Plaintiffs' claims (including Dr. Bauer's) arise from the same series of transactions or occurrences: administration of Defendants' Compensation Plan within the Department of Surgery. All Surgery Department Plaintiffs' claims involve questions of law and fact common to each other. As discussed in the previous section of this Response, the same evidence and witnesses involved in this case would also be involved in Dr. Bauer's separate lawsuit. Accordingly, Defendants' motion should be denied.

**CONCLUSION**

Defendants' motion should be denied because Dr. Bauer did not violate a court-imposed deadline when she submitted her consent form. Even if the Court applies the standard assuming she had failed to meet a deadline, Defendants are not prejudiced by Dr. Bauer's inclusion in this lawsuit. Absent doing so, Dr. Bauer could file her own action if she is dismissed from this case; in Dr. Bauer's action, the same policies and witnesses present in this action will also be present there. If Defendants' motion is granted, the parties would have to duplicate work in a second

lawsuit given that the parties still need to begin merits discovery. Additionally, Dr. Bauer would be able to move for permissive joinder under FRCP 20 if she is forced to file her own action. Dismissing Dr. Bauer from this lawsuit does not promote judicial economy and unnecessarily compels the parties to redo work. For all these reasons, Defendants' Motion to Dismiss Dr. Bauer should be denied.

Respectfully submitted,

/s/ J. Bryan Wood
One of Plaintiffs' Attorneys

J. Bryan Wood (No. 6270845)
Ryan O. Estes (No. 6312755)
**The Wood Law Office, LLC**
303 West Madison, Ste. 2650
Chicago, Illinois 60606
Telephone: (312) 554-8600
Facsimile: (312) 577-0749
bryan@jbryanwoodlaw.com
restes@jbryanwoodlaw.com

Michael F. Brown (WI Bar No. 1041753)
**DVG Law Partner LLC**
P.O. Box 645
Neenah, WI 54957
Telephone: (920) 757-2488
Facsimile: (920) 273-6177
mbrown@dvglawpartner.com

**CERTIFICATE OF SERVICE**

On November 1, 2018, the undersigned served the attached motion and all exhibits thereto on all counsel of record by filing it via the Court's electronic case filing system.

/s/ J. Bryan Wood